**ERNA SIMMON, Petitioner**

**v.**

**ALPHONSO A. CHRISTIAN, Commissioner of the Department of Public Safety, Respondent**

Civil No. 747-1975

District Court of the Virgin Islands

Div. of St. Croix

October 24, 1975

EDWARD J. OCEAN, ESQ., *for petitioner*

Office of the Attorney General, *for respondent*

YOUNG, *District Judge*

### MEMORANDUM OPINION AND ORDER

On August 21st of this year, petitioner applied to this Court to review a decision of the Government Employees' Service Commission which resulted in her dismissal from the Department of Public Safety. Alleging that various procedural irregularities had occurred both prior to and during the course of the hearing conducted on March 18, 1975, petitioner invoked this Court's assistance pursuant to 5 V.I.C. § 1421 et seq. and 5 V.I.C. App. V, Rule 11 in

order to redress her grievances. For the reasons which follow, her petition is dismissed with prejudice.

■ Admittedly, § 1421 is a broad and remedial jurisdictional device enabling parties aggrieved by an administrative or ministerial decision to seek judicial review of that determination. As such, it should be construed expansively and the requested relief liberally granted for otherwise the purpose underlying this statutory grant of authority would be frustrated. Nevertheless, a colorable claim must appear from the petition and supporting affidavits and some effort at complying with the provisions of Rule 11 must be demonstrated before the desired writ will issue.

Rule 11(a) requires the petition to be filed within 30 days after the date of the complained of decision or determination and to set forth the errors alleged to have been committed therein. Moreover, Rule 11(a) also provides for the petition to be accompanied by a certificate from an attorney attesting to the fact that he has examined the process or proceeding sought to be reviewed, that he has determined that it is indeed erroneous, and that he is not filing this petition merely for purposes of delay. In short, the rule requires the attorney to make a preliminary determination of the merits of his client's claim.

In the matter sub judice, petitioner has failed to comply with either of the preceding requirements. Petitioner's attorney has not submitted his accompanying certificate and the petition itself was filed more than *five* months after the date of the hearing. Granted, petitioner has alleged that she did not receive notification of the decision until July 28, 1975. But there is no supporting affidavit attesting to that fact, no verification of the petition itself by Ms. Simmon, no attached copy of the decision, and no averment that she did not receive earlier written or oral notification.

■ Rule 11 is not a complicated rule. It is written simply and in language that even a layman can understand.

309

The checklist of requirements is neither complicated nor lengthy. And the prerequisites to filing a petition are neither difficult nor vague. Under these circumstances, I find that substantial noncompliance with its terms bars petitioner from maintaining a § 1421 proceeding. An order dismissing the petition will be entered.