**John SMITH, Appellant**

v.

**James OELENSCHLAGER and
James F. Green.**

**No. 87–1552.**

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
Rule 12(6) Feb. 3, 1988.

Decided March 8, 1988.

Rehearing Denied May 12, 1988.

Richard A. Weisbord, Weisbord & Weisbord, P.C., Philadelphia, Pa., for appellant.

Dean F. Murtagh, John P. Shusted, German, Gallagher & Murtagh, Philadelphia, Pa., for appellees.

Before SLOVITER, STAPLETON and MANSMANN, Circuit Judges.

## OPINION OF THE COURT

SLOVITER, Circuit Judge.

The appellant asks us to reverse the order dismissing his motion for a new trial, arguing that the district court abused its discretion in following the literal language of a local rule. Local Rule 20(e) of the District Court for the Eastern District of Pennsylvania, provides:

> Within ten (10) days after filing any post-trial motion, the movant shall either (a) order a transcript of the trial by a writing delivered to the Court Reporter Coordinator, or (b) file a verified motion showing good cause to be excused from this requirement. Unless a transcript is thus ordered, or the movant excused from obtaining a transcript, the post-trial motion must be dismissed for lack of prosecution.

E.D.Pa. R. 20(e).

Appellant John Smith was the plaintiff in a personal injury diversity action tried before a jury and United States Magistrate Richard A. Powers, III, by agreement of counsel.[1] The trial was electronically transcribed, and there was a technician operating the tape recorder but no stenographic court reporter present during the proceedings. After the jury awarded plaintiff four thousand dollars in damages, plaintiff filed a motion for a new trial alleging various trial errors and the inadequacy of the verdict.

Local Rule 20(e) mandates that an order for a transcript be delivered to the Court Reporter Coordinator within ten days of the post-trial motion. Smith's attorney failed to follow this procedure and instead

---

1. We are not clear under what authority this aspect of the case was referred to the magistrate. The record does not show the written consent forms required by Fed.R.Civ.P. 73(b) when a matter is referred for trial to a magistrate under 28 U.S.C. § 636(c). We are concerned that failure to comply with this requirement may signify precisely the type of persuasion or inducement by a district court that is prohibited by the statute and rule. Nonetheless, no party has raised this issue on appeal.

hand-delivered a letter to Magistrate Powers, with a copy to Judge Charles R. Weiner, the district court judge assigned to this matter. The letter recited that a new trial had been moved, and continued:

> Pursuant to Local Rule, we hereby wish to order a transcript of the proceedings. I do not know the identity of the official Court Reporter who presided at this trial. I am hereby requesting that this request be forwarded to the official Court Reporter....
>
> Since I do not know if the court reporter was arranged through Judge Weiner, by whom this matter was referred to Your Honor, I am sending a copy of this letter to Judge Weiner's chambers and am also requesting that his chambers submit this request to the appropriate court reporter.

Appellant's Appendix at 28.

Neither the judge nor the magistrate forwarded the transcript request to the Court Reporter Coordinator or informed plaintiff's attorney that they would not do so. Subsequently, Judge Weiner, although recognizing that "dismissal of plaintiffs motion may be a harsh sanction," stated that "dismissal is mandated by the rule [20(e)]" and dismissed the motion for a new trial for lack of prosecution. Appellant's App. at 23. The court stated it would reconsider its order if "plaintiff can demonstrate ... that he ordered the notes and paid the requested charges." *Id.*

Plaintiff moved for reconsideration but was unable to show that the transcript had actually been ordered. The motion recited the above facts and stated that plaintiff received no request from Judge Weiner's chambers or from the official court reporters to place a deposit for payment of the transcript. The district court adhered to its prior decision, stating:

> Plaintiff cannot comply with Local Rule 20(e) by delivering a letter to the court requesting that the transcript be ordered and thereafter rely on the court to for-

ward the request to the appropriate reporter. It is not the function of the courts to supervise requests for trial transcripts. Rule 20(e) specifically states the proper procedure for ordering a trial transcript.... As we noted in our Memorandum and Order of August 12, 1987, Rule 20(e), as the other Rules of Court, was promulgated to promote the efficient administration of the courts. Failure of an attorney to abide by this Rule, such as in the case *sub judice*, ... only causes an increase in time and effort on the part of the court.

Appellant's App. at 32–33.[2]

In arguing that the district court abused its discretion, plaintiff contends that because in other situations the Federal Rules or statutes permit rerouting of misdirected papers, *see, e.g.,* Fed.R.App.P. 4(a)(1); 28 U.S.C. § 1406 (1982), the sanction of dismissal here is totally inappropriate." Appellant's Brief at 10. The difficulty with appellant's position is that Local Rule 20(e) does not provide for rerouting, as do the rules and statutes on which he relies, and instead provides for precisely the sanction imposed by the district court.

The district courts are authorized by 28 U.S.C. § 2071 (1982) to prescribe rules for the conduct of court business. "Such rules shall be consistent with Acts of Congress and rules of practice and procedure prescribed by the Supreme Court [i.e., the Federal Rules of Civil Procedure, *see* 28 U.S.C. § 2072 (1982)]." *Id.* Rule making by the district courts is regulated by Fed.R.Civ.P. 83. Pursuant thereto, local rules may be adopted or amended by a majority of a court's judges, after public notice and the opportunity for comment. Copies of rules and amendments must be supplied to the circuit judicial council and the Administrative Office of the United States Courts, and be made available to the public.

There is no contention that Local Rule 20(e) was adopted without compliance with these procedural requirements, or, for that

---

**2.** As an independent basis for decision, the court noted that a failure to make necessary financial arrangements for a properly ordered transcript also constitutes ground for dismissal.

App. at 33–34. Inasmuch as plaintiff never formally ordered the transcript, we need not reach any issue arising from his failure to pay for it.

matter, that it is inconsistent with any act of Congress or the Federal Rules. Nor can the enabling statute or Federal Rule be challenged. It has long been recognized that "the constitutional provision for a federal court system (augmented by the Necessary and Proper Clause) carries with it congressional power to make rules governing the practice and pleading in those courts," *Hanna v. Plumer*, 380 U.S. 460, 472, 85 S.Ct. 1136, 1144, 14 L.Ed.2d 8 (1965); *see Sibbach v. Wilson & Co.*, 312 U.S. 1, 9–10, 61 S.Ct. 422, 424–25, 85 L.Ed. 479 (1941), and that Congress "may exercise that power by delegating to ... federal courts authority to make rules not inconsistent with the statutes or Constitution of the United States," *id.* (footnote omitted).

We have explained that local rules play "a vital role in the district courts' efforts to manage themselves and their dockets." *Eash v. Riggins Trucking, Inc.*, 757 F.2d 557, 570 (3d Cir.1985) (quoting Flanders, *Local Rules in Federal District Courts: Usurpation, Legislation, or Information*, 14 Loyola L.A.L. Rev. 213, 263 (1981) (footnote omitted)). Local rules facilitate the implementation of court policy, both by setting norms and putting the local bar on notice of their existence. Local rules obviously serve to impose uniformity on practice within a district. In addition, they "may also alert rulemakers to the need for changes in national rules and supply an empirical basis for making such changes." 757 F.2d at 570.

In *Kushner v. Winterthur Swiss Insurance Co.*, 620 F.2d 404, 406–07 (1980), this court dismissed an appeal because the appendix did not conform to the requirements of the local rules of this court. Local Rule 20(e) is a comparable rule which is intended to ensure the efficient and timely provision of necessary papers. Judge Aldisert, writing for this court in *Kushner*, commented on the diversion from our substantive work occasioned when counsel fail to comply with our requirements. He stated: "The litigant ... who charges that the rules were not followed in the district court should himself follow the rules when he applies for relief in this court." *Id.* at 407. If we insist on faithful adherence to our rules, we cannot fault a district court judge who applied the same approach.

Appellant argues that dismissal "is totally disproportionate to the conduct the court seeks to condemn," Appellant's Brief at 13. It may seem so if our focus remains fixed only on a well-intentioned attorney's innocent mistake. We note, however, that the judges of the district court deliberately framed Rule 20(e) in mandatory terms. The judges could have promulgated a rule providing that upon failure to order a transcript, the post-trial motion "may" be dismissed; instead they chose to provide that in such circumstances "the post-trial motion *must* be dismissed." Presumably the judges of that court determined that their time was better spent deciding cases than delivering letters, and that a hard and fast rule was necessary.[3] In light of the importance of keeping proceedings after the verdict moving, we cannot say that the judges of the Eastern District of Pennsylvania had no discretion to conclude that they should and could expect the bar to be familiar with and follow a rule of the kind at issue here.

We recognize that in the same situation, the members of this panel or other district judges of the same district might have been more lenient and forwarded the request of the Court Reporter Coordinator or communicated with plaintiff's counsel. We need not decide whether the rule gives the district judges such an option in the face of its explicit language mandating dismissal, because that is not the issue before us. This appeal presents only the question whether a district court can be reversed for following the local rule, even though the electronic recording may have presented extenuating circumstances. We cannot so hold.

Plaintiff's counsel could have followed the clear instructions in the Rule and ap-

---

**3.** For that reason, this case is not governed by our holding in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir.1984), and its progeny where we have outlined the factors to be considered by the district courts in exercising their discretion to dismiss a case as a sanction before trial on the merits.

plied to the Court Reporter Coordinator. Had the electronic transcription raised some doubt as to the procedure, he could have sought the advice of the court's clerk instead of delegating his responsibilities to a United States Magistrate and District Judge. It was hardly an abuse of discretion for the district court to have applied the terms of a valid local rule, even to an innocent party whose counsel made an honest mistake. Any other holding would undermine the power of the district courts to enforce their own local rules.

For the foregoing reasons, the district court's order will be affirmed.[4]

MANSMANN, Circuit Judge, dissenting.

I respectfully dissent from the majority's decision to affirm the district court in dismissing the plaintiff's motion for a new trial.

This case was tried, by agreement of the parties, before a United States Magistrate. In lieu of using a court stenographer, the proceedings were tape recorded. Plaintiff's counsel, being unfamiliar with this procedure, promptly indicated his desire to order a transcription and inquired of the magistrate by letter, with a copy to the district court, as to how he might obtain a transcription of the tape. Both the magistrate and the district court simply ignored the letter. Later, due to the absence of a transcript, the plaintiff's motion was dismissed, in accordance with Local Rule 20(e), for failure to prosecute.

The power to dismiss for failure to prosecute, which may be exercised with or without notice or opportunity to be heard, rests in the discretion of the trial court and is part of its inherent authority "to prevent undue delays in the disposition of pending cases and to avoid congestion in its docket." *Link v. Wabash Railroad Co.,* 370 U.S. 626, 629–30, 82 S.Ct. 1386, 1388–89, 8

L.Ed.2d 734 (1962). I do not and cannot disagree with the majority's clear affirmation of the power of district courts to promulgate local rules, especially where, as here, the local rules facilitate the court's acquisition of the materials necessary for the efficient processing of the matters on its docket. And, indeed, a district court does have authority to provide for the ultimate sanction of dismissal for noncompliance with a local court rule. *Hall v. C.I.R. (Dept. of Treasury),* 805 F.2d 1511 (11th Cir.1986). I recognize also that dismissal for failure to prosecute is reviewable only for an abuse of discretion. *Sauers v. Commissioner of Internal Revenue,* 771 F.2d 64 (3d Cir.1985), *cert. denied,* 476 U.S. 1162, 106 S.Ct. 2286, 90 L.Ed.2d 727 (1986).

While mindful of these principles, I choose to begin my analysis with the general principle that "it is always within the discretion of a court or an administrative agency to relax or modify its procedural rules adopted for the orderly transaction of business before it when in a given case the ends of justice require it." *American Farm Lines v. Black Ball Freight Service,* 397 U.S. 532, 539, 90 S.Ct. 1288, 1292, 25 L.Ed.2d 547 (1970). It is for the district court to determine what departures from its rules "are so slight and unimportant that the sensible treatment is to overlook them." *Allen v. United States Fidelity and Guaranty Company,* 342 F.2d 951 (9th Cir.1965); *see also Braxton v. Bi-State Development Agency,* 728 F.2d 1105 (8th Cir.1984). Even though local court rules are valid and binding on parties, their enforcement must be tempered with due consideration of circumstances. *Cohen v. Carnival Cruise Lines, Inc.,* 782 F.2d 923 (11th Cir.1986).

The mandate of Rule 20(e) can be only that if the district court chooses not to excuse noncompliance, then only one sanction—dismissal of the motion—is available.

---

4. The appendix of the appellees attached to their brief is almost page for page duplicative of that previously filed by appellant. Federal Rule of Appellate Procedure 30(b) was amended in 1986 to require each circuit to provide by local rule for sanctions for the inclusion of unnecessary material in the appendix. This court thereafter

adopted Court Rule 20(4), giving us discretion to deny all of the costs of the appeal when unnecessary material has been included. Using our discretion, we will file a rule directing the appellees to show cause why each party should not bear its own costs of this appeal.

The district judge appeared to be acting under the mistaken impression that, because of the mandatory language of the local rule, he had no discretion to entertain the motion regardless of the circumstances of the procedural default.

I consider it to be an inexcusable elevation of form over substance that the plaintiff's motion was dismissed without the slightest indication from the court that it would not honor in any way counsel's timely request for assistance. Under these circumstances I would find an abuse of discretion or, at best, a failure to exercise any discretion at all. A district judge who fails to exercise discretion may be directed by the Court of Appeals to do so. I would at least give such a direction in this case. *Magee v. General Motors Corp.*, 213 F.2d 899 (3d Cir.1954).

Our reported decisions consistently emphasize the extreme nature of a dismissal with prejudice or default judgment. *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 867 (3d Cir.1984). I recognize that *Poulis* governs specifically only in cases of dismissal before trial where a party is deprived of a hearing in any forum. However, the general policy supporting decisions such as *Poulis*, while somewhat less compelling where as here the plaintiff has had a full trial on the merits, deserves at least a nod of recognition in this case as well. That policy is that only as a last resort should an innocent party be compelled to bear the brunt of its counsel's dereliction. *Id.* at 869.

Serious consequences attach to this failure to comply with a precondition to the court's determination of this motion. By the rote application of this rule, the plaintiff's appeal is effectively foreclosed despite his counsel's good faith attempt to learn how to obtain the necessary transcript.[1]

Unfortunately, although his appeal is timely, appellant has not made clear his intent to appeal from the final judgment. He does not advance on appeal any contentions of error save the denial of his motion for a new trial. He requests in relief only that we vacate the district court's dismissal of the motion for a new trial and remand to the district court for decision on the merits of the new trial motion. I doubt that the majority would disagree that it is the better practice to raise claims of error first before the district court. Nevertheless, by the majority's affirmance of this failure to exercise any discretion before ordering this dismissal, the plaintiff is deprived of consideration by any court of his claims of error.

The effort to achieve the expeditious administration of justice must be a cooperative one. Generally it is furthered by the court's promulgation of rules of procedure and their conscientious observance by counsel and by the parties. Sanctions are appropriate when counsel fails to comply with the rules.

I fail to see how this dismissal does anything to foster respect for or protect the integrity of the court rules. The rule can be interpreted easily as failing to provide for the circumstance encountered. Counsel's timely inquiry and request for assistance indicates a purpose to observe the rules and the clear intent to prosecute. It would have required only a de minimis effort on the part of the court to instruct

---

1. The procedural default resulting in dismissal of his motion for a new trial would not necessarily preclude appellate review of the plaintiff's claim of trial error. Claims of error properly preserved by objections to rulings made at trial or by motions for a directed verdict and for judgment notwithstanding the verdict are ripe for review upon timely appeal from a final order whether or not they are raised on motion for a new trial. *Trout v. Pennsylvania R. Co.*, 300 F.2d 826 (3d Cir.1962).

The notice of appeal in this case purports to be from the order denying a motion for a new trial. Generally, an order denying a motion for a new trial is not appealable as such, but is reviewable when that decision comes before the court as part of the appeal from the final judgment. A timely filed motion for a new trial tolls the time for filing a notice of appeal. Fed. R.App.P. 4(a)(4); *Fairview Park Excavating Co., Inc. v. Al Monzo Const. Co., Inc.*, 560 F.2d 1122 (3d Cir.1977). An appeal from an order denying a new trial will be treated as one taken from final judgment when the appeal is timely taken in regard to the final judgment and the appellant's intent to appeal from the final judgment is clear. *Paluch v. Erie Lackawanna R. Co.*, 387 F.2d 996 (3d Cir.1968).

that the usual local rules apply in proceedings before a magistrate or even simply to indicate that the requested assistance would not be forthcoming.

The district court's need to expedite its docket must be balanced against the interest in the fair disposition of cases. The local rule does not permit discrimination among various sanctions. A good faith attempt to obtain clarification of a rule produces the same severe consequences as a complete lack of diligence, professional incompetence, or callous disregard for the rules of procedure. In view of the harshness of such a rule, I consider the district court to have abused its discretion by dismissing the motion for failure to prosecute without at least giving timely notice that it would not honor the request for assistance.

I would vacate the dismissal of the motion and, at minimum, order the district court to exercise its discretion in considering whether the circumstances of this case justify giving plaintiff's counsel another chance to provide the requisite transcript.