**WALTER FEDDERSEN, Plaintiff/Appellant**

**v.**

**FRAUKE FEDDERSEN, Defendant/Appellee**

D.C. Civ. App. No. 1995/185, Re: T.C. Fam. No. D150/1991 &
Civ. No. 938/1991

District Court of the Virgin Islands

Division of St. Thomas and St. John

February 7, 2000

HENRY L. FEUERZEIG, ESQ., SIMONE R.D. FRANCIS, ESQ., St. Thomas,
U.S.V.I., *for appellant*

CARL J. HARTMAN III, ESQ., St. Thomas, U.S.V.I., *for appellee*

FINCH, *Chief Judge, BROTMAN*, Sitting by Designation, and
EDGAR, Sitting by Designation

## OPINION OF THE COURT

PER CURIAM

THIS MATTER is before the Court on Frauke Feddersen's
("appellee" or "Mrs. Feddersen") Corrected Verified Post Judg-
ment Bill of Costs, Walter Feddersen's ("appellant" or "Mr.
Feddersen") response in opposition thereto, and Mrs. Feddersen's
reply. Also before the Court are Mrs. Feddersen's Motion to Allow
the Filing for Extraordinary Circumstances, or in the Alternative, to
Suspend the Rule, and Mr. Feddersen's opposition thereto.

The Corrected Verified Bill of Costs submitted by Mrs.
Feddersen includes postjudgment and appeal costs totaling

$96,526.18.[1] Mr. Feddersen asks this Court to deny Mrs. Feddersen's petition as untimely and lacking any extraordinary circumstance, or, if the Court deems the bill of costs properly before it, to tax him only the "reasonable costs of the appeal, and not an order taxing costs or attorneys' fees for ancillary or unrelated services performed by her counsel." (Response and Objections of Walter Feddersen to Bill of. Costs submitted by Appellee Frauke Feddersen at 1.) Mr. Feddersen also argues that Mrs. Feddersen's successive replacement of counsel resulted in the duplication of their efforts. Finally, Mr. Feddersen contends that he did not itemize and provide detailed objections to specific entries on the bill, but, if necessary, would be willing to submit detailed objections "once Frauke Feddersen submits a bill of costs detailing only those expenses that reasonably were incurred directly in connection with the appeal." (*Id.* at 6.) Here, the Court faces "the grim reality feared by the Supreme Court of the United States when it warned that a 'request for attorney's fees should not result in a second major litigation.'" *United States v. Eleven Vehicles, Their Equipment and Accessories*, 200 F.3d 203, 2000 WL 15005 at *1 (3d Cir. 2000) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983)).

## DISCUSSION

The Virgin Islands Rules of Appellate Procedure provide in pertinent that:

> (a) **To Whom Allowed.** Except as otherwise provided by law . . . if a judgment is affirmed, reasonable costs shall be taxed against the appellant unless otherwise

---

[1] The verified bill of costs represents work performed on Mrs. Feddersen's behalf by the following firms/attorneys (and their associates):
  1) Carl J. Hartmann, III, Esq.
  2) Paul J. Ruskin, Esq.
  3) Kevin Rames, Esq.
  4) George Etheridge, Esq.
  5) Valerie Collanton, Esq.
  6) Henry Smock, Esq.
  7) Hymes, Zebedee & Smock, P.C.
  8) Warlick & Quigley, P.C.
  9) Kevin F. D'Amour, Esq. (Jones, Stryker, Duensing & Casner, successor to D'Amour, Jones, Stryker, Duensing & Nichols)

ordered. . . . The Appellate Division shall, in its discretion, determine whether costs are reasonable.

. . . .

(b) Bill of Costs; Objections; Costs to Be Inserted in Mandate or Added Later. A party who desires such costs to be taxed shall state them in an itemized and verified bill of costs, including attorney's fees, which the party shall file with the Clerk of the Appellate Division, with proof of service, within *fourteen days* after the entry of judgment. *The Appellate Division shall deny untimely bills of costs unless a motion showing extraordinary circumstances is filed with the bill.* Objections to the bill of costs must be filed within ten days of service on the party against whom costs are to be taxed unless the time is extended by the Appellate Division. An answer to objections to a bill of costs may be filed within ten days of service of the objections. . . .

V.I. R. APP. P. 30(a), (b) (emphasis added).[2]

■■ This Court's opinion and order affirming the judgment of the Territorial Court in favor of Mrs. Feddersen were entered on September 17, 1999. Rule 30 allowed fourteen days from the date of entry within which to file a bill of costs, that is, until October 1, 1999, but the bill of costs was not filed until December 17, 1999. In the meantime, Mr. Feddersen filed a petition for rehearing on October 1, 1999. The Court denied said petition on December 13, 1999. Mr. Feddersen argues that a petition for rehearing does not toll the time within which to submit a bill of costs, and this Court has found no such tolling provision. Moreover, Mrs. Feddersen's untimely bill of costs was not accompanied by a motion showing extraordinary circumstances, as required by Rule 30(b). Instead,

---

[2] The rules of appellate procedure promulgated by this Court differ from Federal Rules of Appellate Procedure 7 and 39 which specify that the "costs" that may be taxed against an unsuccessful litigant include printing and producing copies of briefs, appendices, records, court reporter transcripts, premiums or costs for supersedeas bonds, or other bonds to secure rights pending appeal, and fees for filing the notice of appeal. In this Court, attorney's fees are expressly included among the expenses that are described as costs for purposes of Virgin Islands Rule of Appellate Procedure 30.

appellee's motion to allow its untimely filing for extraordinary circumstances was filed on January 19, 2000 and states that

> Rule 30 is absolutely *not* the exclusive mechanism, but rather one *permissive* alternative to applying for attorney's fees. Where other statutes or methods, such as section 541, exist it is merely one alternative way in which a party *may desire* to proceed. While V.I. R. App. ¶ 30 (b) *allows* a party to seek attorney's fees via a bill of costs in the appellate court, this does not mean that it precludes a party who chooses to apply for attorneys fees from doing so in the trial court following remand. This latter method is often more desirable and more efficient.

(Reply to Appellant Walter Feddersen's Response and Objections to Appellee's Bill of Costs and Motion to Allow the Filing for Extraordinary Circumstances or, in the Alternative, to Suspend the Rule at 5-6 (emphasis in original).) Contrary to appellee's assertion, the Virgin Islands Rules of Appellate Procedure do not provide simply a "permissive alternative to applying for attorney's fees." *See* V.I. R. App. P. 1(c), 30. As the Court of Appeals for the Third Circuit stated in a recent decision:

> Local court rules play a significant role in the district courts' efforts to manage themselves and their dockets. *Smith v. Oelenschlager*, 845 F.2d 1182, 1184 (3d Cir. 1988). Accordingly, we have held that it is not an abuse of discretion for a district court to impose a harsh result, such as dismissing a motion or an appeal, when a litigant fails to strictly comply with the terms of a local rule. *Id.* at 1184-85. However, this court has not written on a district court's discretion to depart from its own local rule, whether that rule is phrased in discretionary or mandatory terms.

*Eleven Vehicles*, 200 F.3d 203, 2000 WL 15005 at *9. That Court did, however, provide that a "court can depart from the strictures of its own local procedural rules where (1) it has a sound rationale for doing so, and (2) so doing does not unfairly prejudice a party who has relied on the local rule to his detriment." *Id.* at 11. The rules of

procedure applicable to this Court provide for such departure "[i]n the interest of expediting decision, or for other good cause shown," but suspension of the rules is not a measure to be taken lightly. V.I. R. APP. P. 2; *compare* FED. R. APP. P. 2 advisory committee's note (stating that the rule should be applied "in cases of pressing concern to the public or to the litigants" or "to relieve litigants of the consequences of default where manifest injustice would otherwise result"). Having considered the premises, this Court finds no showing of extraordinary circumstances which would warrant departure from the fourteen-day requirement of V.I. R. APP. P. 30. Accordingly, the Court will deny Mrs. Feddersen's bill of costs as untimely.

DATED this 7 day of February 2000.

### ORDER OF THE COURT

PER CURIAM

AND NOW this 7 day of February 2000, having considered the arguments and submissions of the parties; and for the reasons set forth in the Court's accompanying opinion of even date, it is hereby

ORDERED that Mrs. Feddersen' s Corrected Verified Bill of Costs is DENIED as untimely.