**KATHLEEN SAMUEL, Plaintiff**
**v.**
**GOVERNMENT OF THE VIRGIN ISLANDS,**
**DR. CHERYL WADE, and DR XYZ**

Civil No. 349/1999

Territorial Court for the Virgin Islands

Division of St. Croix

March 1, 2002

LEE J. ROHN, ESQ., Christiansted, St. Croix, U.S. Virgin Islands, *Counsel for Plaintiff*

WILFREDO A. GEIGEL, ESQ., St. Croix, U.S. Virgin Islands, *Counsel for Defendants*

ROSS, *Judge*

## MEMORANDUM OPINION

(March 1, 2002)

### INTRODUCTION

THIS MATTER is before the Court on Defendants' Motion for Summary Judgment pursuant to FED. R. CIV. P. 56(c) for Plaintiff's failure to comply with the jurisdictional pre-filing procedures for medical malpractice claims against the Government of the Virgin Islands ("Government") as required by the Virgin Islands Tort Claims Act ("VITCA") codified in 33 V.I.C. § 3409 *et seq* and the Health Care Providers Malpractice Act ("Malpractice Act") codified in 27 V.I.C. § 166 *et seq.* For the following reasons, the Court will grant the Defendants' Motion for Summary Judgment.

### FACTUAL BACKGROUND

In 1996, Plaintiff sought medical treatment for a cyst on her arm. Dr. Cheryl Wade, a doctor employed at the Juan F. Luis Hospital ("hospital")

on St. Croix, a semi-autonomous entity of the Government, treated her. On August 21, 1996, Dr. Wade admitted Plaintiff into the hospital and, in the course and scope of her employment, performed a surgical procedure on Plaintiff to remove the cyst.

After the surgery, Dr. Wade instructed Plaintiff to remove and replace the dressing every 3-4 days. She further instructed Plaintiff to return for a follow-up appointment. On August 23, Plaintiff noticed a discoloration and swelling in her arm. On August 25, the arm, being more swollen and greenish, Plaintiff returned to the hospital and was treated by Dr. Wook Suh, a doctor also employed by the hospital. Dr. Suh instructed that the stitches be removed and referred Plaintiff to Dr. Sollins, another doctor employed at the hospital, for treatment. Dr. Sollins re-stitched the wound and sent Plaintiff home. However, Plaintiff's condition persisted, and she returned to the hospital on August 26, 1996. Upon her return to the hospital, another doctor, employed by the hospital, removed the stitches. Because of infection, Plaintiff had to return to the hospital continuously over a three-day period to have the wound cleaned and repacked.

On April 30, 1998, Dr. Sylvia Payne examined Plaintiff at the request of Plaintiff's legal counsel. Dr. Payne did not offer any medical opinion as to whether medical malpractice was the cause of Plaintiff's post surgery condition. However, on February 1, 1999, Plaintiff received an expert medical opinion from Dr. Julius Garner stating: "'the wound should not have been resutured,' but 'that doing this probably did not significantly add to the problem'."[1] Plaintiff asserts that this was the first indication that medical malpractice was involved.

On March 1, 1999, Plaintiff sent a letter by certified mail to the Malpractice Action Review Committee ("Committee"), the Governor of the Virgin Islands, and served it upon the Attorney General of the Virgin Islands as required by statutory law.[2] Plaintiff had not included a verified proposed complaint in her filings, and on March 31, 1999, Plaintiff forwarded the verified proposed complaint to the Committee. Plaintiff

---

[1] Plaintiff's Opposition to Motion for Summary judgment, p.3.

[2] Filing a claim or notice of intent to file a claim within 90 days of the accrual of the claim is a pre-filing procedure required by 33 V.I.C. § 3409; and filing a verified proposed complaint with the Malpractice Action Review Committee within the two year statutory period is also required for claims of medical malpractice against a health care provider pursuant to 27 V.I.C. § 166i.

subsequently filed her complaint in court on June 9, 1999, alleging medical malpractice.

Defendants filed for summary judgment alleging that Plaintiff had failed to comply with the jurisdictional pre-filing procedures and that she filed her claim out of time. Plaintiff argues that the discovery rule applies in this case and that her claim accrued when she received the medical expert report on February 1, 1999. The parties have essentially raised issues that are the core of medical malpractice actions:

(1) Whether the Plaintiff has complied with the pre-filing requirements of VITCA, and

(2) Whether a Plaintiff is required to have an expert conclusively opine that his or her injury was caused by medical malpractice before he or she may bring a claim.

For the reasons discussed below, this Court concludes that Plaintiff has not complied with the pre-filing procedures of VITCA; and that Plaintiff was not required to have an expert medical opinion before she would be deemed to have discovered her injury for purposes of the statute of limitations.

## STANDARD OF REVIEW

Granting summary judgment is only appropriate when there is no genuine issue of material fact; and as a result, the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Therefore, the Court must determine, while reviewing the facts in the light most favorable to the non-moving party, whether there exists a genuine issue of material fact regarding the pre-filing procedures of 33 V.I.C. § 3409 and 27 V.I.C. § 166i.

## DISCUSSION

### A Plaintiff Must First Comply with the Jurisdictional Pre-filing Procedures of the Virgin Islands Tort Claims Act When a Claim is Brought Against the Government for Medical Malpractice.

In 33 V.I.C. § 3408, the Government waived its immunity from suits and consented to liability for property damage or loss and for personal injury or death, which results from the action(s) of a government employee acting within the scope of his or her employment. However, the Government's consent does not authorize an unconditional

right to haul it into court for such alleged injuries. *See Choate v. Skinner*, 19 V.I. 399 (Terr. Ct. 1983). To that end, the Virgin Islands Legislature enumerated definite pre-filing procedures in 33 V.I.C. § 3409 that must be strictly adhered to before the Court can have subject matter jurisdiction over a claim brought against the Government. *See Quinones v. Charles Harwood Memorial Hospital*, 573 F. Supp. 1101 (*quoting V.I. Telephone Corp. v. Government of the Virgin Islands*, 13 V.I. 405 (D.V.I. 1977)). To be in compliance with the pre-filing procedures of VITCA, a claimant must file a claim or notice of intent with the Office of the Governor and serve a copy upon the Attorney General of the Virgin Islands within 90 days from the accrual of the claim. The purpose of the 90-day notice period "is to give the Government early notice of the basic facts and the nature of the tort claim being asserted, thereby allowing the Government to investigate and assess the claim while the evidence is still fresh." *Saludes v. Ramos*, 744 F.2d 992, 996 (3d Cir. 1984). To comport with VITCA's pre-filing procedure's purpose, a notice of intent must comply with the requirements of 33 V.I.C. § 3410 by stating the following:

(1)    Time, when, and place where such claim arose, and
(2)    The nature of the claim.

The law recognizes that because compliance with the pre-filing procedures is so stringent, there are times when claimants may miss the 90-day notice period and file out of time. If a claimant fails to file within the 90 days, but files within the statute of limitations time period and offers a reasonable excuse for the untimely filing, the Court, in its discretion, may excuse the untimely filing, but only if the Government knew of the underlying claim and was not substantially prejudiced by the delay. *See Saludes*. Nonetheless, once a claimant has complied with the pre-filing procedures of VITCA, the Court will have subject matter jurisdiction over the claim.

■ It is well settled that for actions brought pursuant to VITCA, the discovery rule applies and determines the date of accrual of the claim. *See Daniels v. Government of the Virgin Islands*, 30 V.I. 134 (Terr. Ct. 1994). Determining an accrual date is essential in assessing whether a claimant has complied with the pre-filing procedures of VITCA, specifically the stringent 90-day notice period to file a claim or notice of intent. The purpose of the discovery rule is to ensure that a plaintiff is not unfairly denied right of access to the court because he or she failed to file

his or her claim within the statutory time period. Under VITCA, the discovery rule tolls the statute of limitations until the plaintiff knows or reasonably should have known of his or her injury and its cause. *See Joseph v. Hess Oil Virgin Islands*, 867 F.2d 179 (3d Cir. 1989). Accordingly, the date of accrual of the claim, for purposes of complying with the statutory pre-filing procedures of VITCA, is determined by the standard set forth in *United States v. Kubrick*, 444 U.S. 111 (1979).

In *Kubrick*, a veteran brought suit under the Federal Tort Claims Act ("FTCA") to recover for hearing loss he alleges is the result of medical malpractice in a Veterans Administration hospital. He sought treatment for an infection of the right femur, and the infected area was irrigated with an antibiotic until the infection cleared. About six weeks after his discharge, he noticed some hearing loss. His condition was diagnosed as bilateral nerve deafness. However, it was not until January 1969 that a private physician informed him that it was highly possible that the hearing loss was the result of the antibiotic administered at the hospital. He did not file his complaint in court under FTCA until June 1972, after another private physician told him that the antibiotic had caused his injury and should not have been administered.

The Court held that a claim accrues when the plaintiff knows both the existence and cause of his injury, and not at a later time when he also knows that the acts inflicting the injury may constitute medical malpractice. Therefore, the Court concluded that his claim accrued when he was aware of his injury and its probable cause in January 1969. Thus, the filing in 1972 violated both the pre-filing procedures and the statute of limitations.

However, discovery rule was not designed to protect plaintiffs who are injured, and the injury and its cause are immediately evident to them, but sit on their claims until the statute of limitations or the 90-day time period for claims against the Government bars them. Eventually, "[a]t some point the injured person becomes possessed of sufficient information concerning his injury and its cause to put a reasonable person on inquiry to determine whether actionable conduct is involved". *See Knox College v. Celotex Corp.*, 430 N.E.2d 976, 980-81 (Ill. 1981). As such, the 90-day notice period begins to run when the accrual date is determined, which is when the plaintiff knew or should have known of the injury and its cause.

Plaintiff was treated at the hospital on August 21, 1996, and Plaintiff noticed that her arm was swollen and greenish as early as two to three days later. Plaintiff knew that something was not right, but waited until her legal counsel advised her to see Dr. Payne on April 30, 1998. However, Plaintiff still did not file her notice of intent with the Office of the Governor and served a copy upon the Attorney General until March 1, 1999. Nevertheless, Plaintiff contends that she timely filed her notice of intent because her claim did not accrue until February 1, 1999 when she received the medical expert report from Dr. Garner.

■ Under VITCA, a Plaintiff's claim does not accrue until he or she knows or reasonably should have known of the injury and its cause. Herein, Plaintiff knew or should have known that some wrongful conduct caused the discoloration and swelling in her arm that persisted for three days after she was first treated. She did not need a doctor to tell her that her injury was caused by substandard care. Accordingly, this Court explicates that it is not a requirement that a Plaintiff receive a medical expert opinion stating that his or her injury was a result of medical malpractice before the statute of limitations begins to run. *See Roe v. Jefferson*, 875 S.W.2d 653 (Tenn. 1994) (where the court held that it is not a requirement that a Plaintiff actually know that the injury constitutes sub-standard care in order to discover that he had right of action and the plaintiff is deemed to have discovered a right of action if he is aware of facts sufficient to put a reasonable person on notice that he has suffered an injury resulting from wrongful conduct). *See also Fritz v. McGrath*, 431 N.W.2d 751 (Wis. Ct. App. 1988) (where the court held that a party need not be specifically advised by an expert that, in the expert's opinion, he or she received negligent treatment from a physician before a plaintiff is deemed to have discovered for purposes of the statute of limitations); *Hoffman v. Davidson*, 508 N.E.2d 958 (Ohio 1987) (where the court held that the statute of limitations for a malpractice claim began to run when the patient discovered her injury the morning following the surgery, and not when she received an expert medical report alleging substandard care was rendered). Thus, Plaintiff knew or reasonably should have known of her injury and its cause as early as August 25, 1996. She would have had until November 23, 1996 to file her notice of intent, and she did not do so. Assuming that Plaintiff did not discover her injury and its cause after her treatment in August 1996, she definitely was aware that something was not right as late as April 30,

1998 when she saw Dr. Payne. Plaintiff still did not file her notice of intent until March 1, 1999. Therefore, because Plaintiff filed her notice of intent outside the 90-day notice period without justifiable excuse, she has not complied with the jurisdictional pre-filing procedures of VITCA. Thus the Court lacks subject matter jurisdiction.

## CONCLUSION

In viewing the facts in the light most favorable to the Plaintiff, the Court finds that it lacks subject matter jurisdiction because she did not comply with the pre-filing procedures of VITCA, specifically the 90-day notice period to file a notice of intent, and she shows no reasonable excuse as to why the notice was filed out of time. Further, that Plaintiff was not required to have an expert medical opinion before she would be deemed to have discovered for purposes of the statute of limitations.

Therefore, the premises considered, and the Court otherwise being duly advised, it is hereby

ORDERED that Defendants' motion for summary judgment if GRANTED.