**SAVE LONG BAY COALITION, INC., Petitioner**
**v.**
**THE VIRGIN ISLANDS BOARD OF LAND USE APPEALS,**
**ST. THOMAS COMMITTEE OF THE COASTAL ZONE**
**MANAGEMENT COMMISSION, IN-USVI, LLC., and**
**THE WEST INDIAN COMPANY, LTD., Respondents**

Civil No. 474/2003

Territorial Court for the Virgin Islands

Division of St. Thomas and St. John

October 20, 2003

312

JUDITH BOURNE, ESQ., St. Thomas, VI, *Attorney for Petitioner*

TERRI GRIFFITHS, ESQ., St. Thomas, VI, *Attorney for Petitioner*

WILLIAM J. GLORE, ESQ., Stryker, Duensing, Casner & Dollison, St. Thomas, VI, *Attorney for Respondent IN-USVI*

MARIA TANKENSON HODGE, ESQ., Hodge & Francois, St. Thomas, VI, *Attorney for Respondent West Indian Company*

MICHAEL LAW, ESQ., V.I. Dept. of Justice, St. Thomas, VI, *Attorney for Respondent V.I. Board of Land Use Appeals*

JULITA K. DELEON, ESQ., St. Thomas, VI, *Attorney for Respondent V.I. Coastal Zone Management Committee*

HODGE, *Judge*

## MEMORANDUM OPINION

(October 20, 2003)

Before the Court is Respondent IN-USVI's ("Respondent") Motion to Dismiss Petitioner Save Long Bay Coalition Inc.'s ("Petitioner") petition for writ of review. The Virgin Islands Board of Land Use Appeals ("BLA"), the St. Thomas Committee of the Coastal Zone Management Commission ("CZMC"), and The West Indian Company, Ltd., ("WICO") have all joined in Respondent's motion (all four hereinafter "Respondents"). At oral argument, the Court granted the motion and advised that a written opinion would follow. The Court hereby sets forth its reasons for granting the motion and dismissing the petition.

## I. PROCEDURAL BACKGROUND

After issuance of a development permit by the CZMC, Respondent IN-USVI planned to develop property in Long Bay, St. Thomas. Petitioner appealed to BLA the decision by CZMC to issue the permit. On August 5, 2003, BLA ruled that the permit was valid. BLA's decision became final on August 12, 2003. V.I. CODE ANN. tit. 12 § 914(d) (stating that an action by the Board "shall be final after four working days following its decision"). Thereafter, Petitioner had forty-five (45) days to file a petition for writ of review, making the filing deadline September 26, 2003. 12 V.I.C. 913(d). Petitioner subsequently filed a petition for a writ of review to the Territorial Court on September 23,

2003. On September 29, 2003, the Court issued a writ, including in the order an accelerated briefing and oral argument schedule. Respondent then filed a motion to dismiss the petition, joined by BLA, CZMZ, and WICO. Petitioner filed an opposition, and Respondents replied. All parties were heard in oral argument on the motion before the Court on October 10, 2003.

## II. DISCUSSION

Respondents' primary argument is that the petition for writ of review must be dismissed because it was not accompanied by an attorney's certificate as specified in Rule 15 of the Rules of the Territorial Court. (Resp't's Mot. to Dismiss at 4.) Respondents contend that provision of the attorney's certificate is jurisdictional, and without it the Court lacks subject matter jurisdiction over the matter. Respondents further argue that this flaw is fatal and cannot be cured after the expiration of the forty-five (45) days allowed for filing the petition. (*Id.* at 6, 9.) Petitioner, in its opposition to the motion, counters (1) that by signing the petition, Petitioner's attorney complied with Rule 11 of the Federal Rules of Civil Procedure, which so closely mirrors the certificate requirement of Rule 15 that the latter rule is, in essence, fulfilled, (2) that procedural rules should not be followed at the expense of the interests of justice, and (3) that the certificate requirement in Rule 15 is not jurisdictional. (*See* Pet'r's Opp. to Mot. to Dismiss.) Petitioner admits that the certificate was not provided with the petition, but argues that the defect is curable, and in an effort to so cure, now provides such certificate. (Pet.'s Opp. to Mot. to Dismiss at Ex. 1.) In their reply memo, Respondents argue that Rule 11 of the Federal Rules of Civil Procedure does not apply, that the law does not allow for excusing the defect in the petition, and that the issue of whether the certificate is jurisdictional has been settled by case law in the Court, and the principle of *stare decisis* requires following this precedent. (*See* Resp't's Reply to Pet'r's Opp. to Mot. to Dimiss.)

### A. Whether Rule 11 of the Federal Rules of Civil Procedure Applies

Petitioner contends that in signing the petition in accordance with Rule 11 of the Federal Rules of Civil Procedure, the petition was in compliance with the spirit, if not the letter, of Rule 15 of the Rules of the Territorial Court because the purpose of both rules is the same. Rule 11 of the Federal Rules of Civil Procedure provides in pertinent part that

314

every pleading, written motion, or other paper must be signed by an attorney of record, and that by signing, the attorney represents that the filing (1) is not being presented for any improper purpose, including delay, (2) that the claims, defenses or other legal contentions are warranted by existing law and not frivolous, (3) that there is sufficient evidentiary support for the claims, and (4) that denials of factual contentions are warranted on the evidence. FED. R. CIV. P. 11(a) & (b). Petitioner therefore avers that in signing the petition, it complied through Rule 11 with the purpose of Rule 15, which is to ensure that a petition for writ of review is legally sound, and not designed to simply prolong the process of accepting a decision to which a petitioner is opposed. However, Petitioner's argument is flawed because Rule 11 is not applicative to the present action.

■ Rule 7 of the Rules of the Territorial Court governs situations where local court rules differ from the District Court and Federal Rules. It states: "The practice and procedure in the Territorial Court shall be governed by the Rules of the Territorial Court and, to the extent not inconsistent therewith, by the Rules of the District Court, the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure and the Federal Rules of Evidence." TERR. CT. R. 7. Rule 11 of the Federal Rules of Civil Procedure is therefore not the controlling rule for filing petitions for writs of review in Territorial Court because a specific rule exists stating the precise requirements for writs of review, and Rule 11 is inconsistent with that rule. Petitioner is correct in asserting that broadly speaking, Rule 11 exists to prevent frivolous filings that are not legally justified, and that Rule 15 also functions to prevent writs from issuing where they are not warranted under law. However, Rule 7 dictates that these broad parallels are not the focal point in deciding which rule controls; the proper inquiry is whether there are any inconsistencies between the two.

■ The only element in Rule 15 not encompassed by the requirements of Rule 11 is the requirement that the attorney declare that the contested decision was made in error. This difference, though, is sufficient to make Rule 11 inconsistent with the Territorial Court rule. The law is clear that the Federal Rules of Civil Procedure control only where there is no local rule to the contrary. *Investigations Unlimited v. All American Holding Corp.*, 16 V.I. 524, 525 (Terr. Ct. St. T. & St. J. 1979), *see also Kansas Packing v. Lavilla*, 39 V.I. 71, 73-4 (Terr. Ct. St. T. & St. J. 1998). In

this case there is a local rule to the contrary, and Rule 11 is not at issue. Petitioner's argument that it fulfilled the requirements imposed by Rule 15 by signing the petition and invoking Rule 11 therefore fails. Rule 15 requires that the attorney sign the petition, with all the attendant consequences, and, in addition, file the certificate. Merely signing the petition clearly does not suffice to satisfy the rule. The attorney's certificate is required only when an attorney signs the petition. Thus what Rule 15 requires in this instance is a petition signed by an attorney and a separate attorney's certificate. The signed petition alone does not fulfill the requirement.

■ In addition, Petitioner argued that it complied indirectly with the Rule 15 requirement of stating the contested decision was in error by submitting a brief listing numerous reasons why the decision by the BLA should be overturned. The Court notes that if it were true that a petitioner need not follow the Court rules directly, there would be little reason for the rules to exist. Furthermore, even if this argument were persuasive, the petition still did not comport with the other two requirements of Rule 15 given that Petitioner's Rule 11 FED. R. CIV. P. argument is invalid. Simply stated, the requirements of Territorial Court Rule 15 must be complied with regardless of any other District Court or Federal Rule.

## B. Whether the Court Has Discretion in Interpreting its Rules

Petitioner avers that courts have latitude to relax their own procedural rules and that those rules should not be followed where the interests of justice dictate otherwise. Respondent counters that Petitioner cannot be allowed to cure the filing defect because the Third Circuit Court of Appeals has held that non-compliance with local rules specifying filing procedures warrants dismissal. *Smith v. Oelenschlager*, 845 F.2d 1182 (3d Cir. 1988).

At issue in *Smith* was a local rule requiring that requests for trial transcripts be made in writing to the Court Reporter Coordinator. *Id.* The *Smith* court held: "It was hardly an abuse of discretion for the district court to have applied the terms of a valid local rule, even to an innocent party whose counsel made an honest mistake. Any other holding would undermine the power of the district courts to enforce their own local rules." *Id. at 1185.* Respondent states that the ruling in *Smith* requires dismissal of the petition in the instant case. The Court does not agree. The dissent in *Smith* strongly criticized the majority decision as an

"elevation of form over substance". *Id.* at 1186 (Mansmann, J. dissenting). The Court believes that dissenting position has now become law in this Circuit with a subsequent Third Circuit decision, *United States v. Eleven Vehicles*, 200 F.3d 203 (3d Cir. 2000). Citing the dissent in *Smith,* the *Eleven Vehicles* court addressed a court's discretion to deviate from its own local rules when not doing so would thwart the interests of justice. *Id.* at 214. The court stated: "We therefore hold that a district court can depart from the strictures of its own local procedural rules where (1) it has a sound rationale for doing so, and (2) so doing does not unfairly prejudice a party who has relied on the local rule to his detriment." *Id.* at 215.

Respondent's argument that the court has no leeway to allow for flexibility in applying procedural rules is thus without merit. The Court may relax a rule; the question is whether such relaxation is warranted in this case. To address that question, the Court must decide whether the attorney certificate is merely a procedural requirement, or whether it is a jurisdictional one. In this case, even if the Court were to determine that the attorney's certificate is a procedural requirement, Petitioner has offered neither any excuse for not following it, nor any justification for the Court to invoke a discretionary waiver of the rules. As a result, the Court would have no sound rational for waiving the Rule 15 requirements. The Rules exist because they are meant to be followed, and they would mean absolutely nothing if the Court arbitrarily dispensed with their requirements. Under the facts of this case, the Court would not exercise its discretion in this case even if the local rule were determined to be merely procedural. The question remains, though, whether the Court has jurisdiction over the matter, absent the attorney's certificate, to even reach such a procedural question.

## C. Whether the Attorney Certificate is Jurisdictional

Following exhaustion of administrative appeals, Title 12, Section 913(d) of the Virgin Islands Code allows for filing a writ of review to contest the granting or denial of a coastal zone development permit:

> *Judicial review—Writ of review.* Pursuant to Title 5, chapter 97 and Appendix V, Rules 10 and 11 of this Code, a petition for writ or [sic] review may be filed in the District court of the United States Virgin Islands in the case of any person aggrieved by the granting

317

or denial of an application for a coastal zone permit, including a permit or lease for the development or occupancy of the trust lands or other submerged or filled lands, or the issuance of a cease and desist order, within forty-five days after such decision or order has become final provided that such administrative remedies as are provided by this chapter have been exhausted. 12 V.I.C. § 913(d).

The statute requires that any such writ comport with the requirements of Title 5, Chapter 97 of the Code, which includes the sections governing writs of review generally. 5 V.I.C. §§ 1421-23. The statute also requires compliance with any relevant Court rules in order for a writ to issue. 12 V.I.C. § 913(d). As the historical notes to the statute emphasize, "[t]he reference to Appendix V, Rules 10 and 11, in subsec. (d) is obsolete. 5 V.I.C. Appendix was replaced in 1992 with Virgin Islands Court Rules Annotated." *Id.* at historical note 2. The relevant sections on writs of review therefore require application of Rule 15 of the Rules of the Territorial Court, the rule governing writs of review and the successor to 5 V.I.C. APP. V., R. 11(a). Rule 15 thereby becomes an integral, mandatory requirement for perfecting judicial review of decisions of the BLA. Rule 15 states in pertinent part as follows:

A writ of review may be granted by the Court upon the petition of any person aggrieved by the decision or determination of an officer, board, commission, authority, or tribunal. Such petition *shall be* filed within 30 days after the date of the decision or determination complained of *and shall* recite such decision or determination and set forth the errors alleged to have been committed therein. The petition *shall be signed* by the petitioner or his attorney, and *shall be accompanied by the certificate of the attorney that he has examined the process or proceeding and the decision or determination therein sought to be reviewed, that the same is in his opinion erroneous and that the petition is not filed for delay.* TERR. CT. R. 15(a) (emphasis added).

Respondents argue that this certificate requirement is jurisdictional, citing a recent case from the Territorial Court. In *Tip-Top Construction v. Government of the Virgin Islands*, 41 V.I. 72 (Terr. Ct. St. T. & St. J. 1999), the Court addressed a petition for writ of review contesting a

decision by the Department of Property and Procurement.[1] The Court held that "... the petition was not accompanied by the requisite certificate of the attorney. Because the petition is defective, this Court is divested of jurisdiction to act on the application." *Tip-Top* at 76. Petitioner avers that the case was wrongly decided, that no reasoning was given for the conclusion, and that generally rules of civil procedure do not create or withhold jurisdiction.

Petitioner's argument would be more persuasive if the ruling in *Tip-Top* existed in isolation, but it does not. Nearly 30 years ago, the District Court addressed the same issue, reaching the same conclusion. *Simmon v. Christian*, 12 V.I. 307 (D.V.I. 1975). *Simmon* involved review of a decision by the Government Employees' Service Commission. In that case, the writ of review was required to comport with the predecessor to Rule 15, Rule 11(a).[2] The *Simmon* Court held that the petition was not in compliance with the rule because it was not timely filed and it was not accompanied by an attorney's certificate. *Id.* at 309. The Court wrote:

> "Rule 11 is not a complicated rule. It is written simply and in language that even a layman can understand. The checklist of requirements is neither complicated nor lengthy. And the pre-requisites to filing a petition are neither difficult nor vague. Under these circumstances I find that substantial noncompliance with its terms bars petitioner from maintaining a § 1421 proceeding." *Simmon* at 309-310.

The Court thus has a long history of requiring that a writ of review be filed in accordance with the requirements of the governing local rule, and that absent a certificate of the attorney, a prerequisite to filing a petition, the Court lacks jurisdiction over the matter. The Court cannot simply ignore this precedent, as Petitioner suggests. The *Simmon* Court at the time served as the appellate court for the decisions of this Court and its

---

[1] Unlike the instant case, there is no administrative appeal from decisions of the Department of Procurement and Property. *Tip-Top* at 78.

[2] Rule 11(a) contained the same provisions as Rule 15 does. As the Court noted in *Simmon*, "Rule 11(a) also provides for the petition to be accompanied by a certificate from an attorney attesting to the fact that he has examined the process or proceeding sought to be reviewed, that he has determined that it is indeed erroneous, and that he is not filing this petition merely for purposes of delay." *Simmon* at 309.

decisions were thus binding on this Court. The *Tip-Top* Court was not required to provide a lengthy explanation of its conclusion, and the fact that none is present does not diminish the holding. Based on the plain language of Rule 15, that Court made the entirely logical conclusion that a petition for writ of review must have an accompanying certificate or it is fatally defective. Indeed, *Tip-Top* held that this is the case even where a petition is timely filed. *Tip-Top* at 75.

At oral argument, Petitioner argued that *Simmon* was not controlling, and the weight of *Tip-Top* thus undermined, because the only comment specifically regarding jurisdiction in *Simmon* was the reference to the validity of the § 1421 proceeding. In other words, Petitioner maintained that because *Simmon* did not specifically state that lack of a certificate deprived the Court of jurisdiction, it does not stand for that proposition. The Court does not agree. The lack of certificate was precisely one of the two elements at issue in the case, so when the court held that he § 1421 proceeding was invalid absent the necessary items under the rule, it was saying that it was invalid for lack, in part, of the certificate. Furthermore, the decision that the flawed petition was a procedural bar implicated subject matter jurisdiction even if it did not directly state as much, because the result of the flaw was that the Court would not hear the case. Even if this were not true, the holding in *Tip-Top* states unequivocally that lack of a certificate deprives the court of subject matter jurisdiction, and this Court sees no reason to deviate from that holding. *Tip-Top* at 76.

■ At oral argument, Petitioner additionally argued that *Simmon* was not controlling because it was superceded by *In the Matter of Disciplinary Proceedings against Ivan Hodge*, 16 V.I. 548 (Terr. Ct. St. T. & St. J. 1979). The Court in *In re Hodge* held that a petition for writ of review need not be dismissed if defects contained therein could be cured. *In re Hodge* at 554. Among the listed curable defects in *In re Hodge* was the lack of an attorney's certificate. *Id.* Petitioner in the instant case argued that as the more recent case, *Hodge* should be given greater weight than *Simmon.* However, the Court notes that the *Tip-Top* Court cited to *In re Hodge,* albeit for the issue of timeliness of filings, and was therefore aware of its holding. *Tip-Top* at 75. Nevertheless, the *Tip-Top* Court concluded that lack of an attorney's certificate in compliance with Rule 15 divested the Court of authority to accept the petition. *Tip-Top* at 76. In fact, the portion of *In re Hodge* on which the Petitioner wishes to rely cites to another, unpublished, case, which argues

contrary to Petitioner's position. *In re Hodge* at 554 (citing *Emmanual v. Haizlip,* Civil No. 74/252 (D.V.I. Div. St. T. & St. J., June 12, 1974)). *Emmanual* may be viewed as a legal forbear to all the cases addressing properly filed writs of review, and it specifically states: "It may well be that in the past writs of review have been issued as a matter of course without regard to the sufficiency of the petition. If so, continuance of this practice is undesirable." *Emmanual* at 1. *Emmanual* is therefore further support that *Tip-Top* is the most recent of a series of cases determining that the requirements of Rule 15 are so important, the Court does not have jurisdiction over writs of review if they are not met.[3] In particular, Rule 15 requires that the petition signed by an attorney must be accompanied by an attorney's certificate. The absence of the certificate renders the petition incomplete and fatally defective, precluding consideration by the Court.

## III. CONCLUSION

The Court holds that where a petition for writ of review signed by an attorney is not accompanied by an attorney's certificate in compliance with Territorial Court Rule 15, the Court lacks subject matter jurisdiction over the petition. Any other decision would render irrelevant the Court Rules and ignore both statutory requirements and case law precedent, a result that is anathema to the Court. The petition in this case did not contain an attorney's certificate despite the fact that this requirement is clearly stated in the governing rule. The Court notes that even a passing glance at the annotations accompanying the Court Rules, reveals that the first listed annotation cites the *Tip-Top* case and its holding that the certificate is jurisdictional. Petitioner's filing was therefore defective to a degree depriving the Court of ability to exercise jurisdiction. The petition for writ of review is dismissed and the Court's previously issued writ is vacated as provided in the Court's order of October 10, 2003.

---

[3] Such procedural requirements are more akin to the requirements of the Tort Claims Act, 33 V.I.C. § 3401 *et seq.,* and the Medical Malpractice Act, 27 V.I.C. § 166 *et seq.,* than to the Federal Rules of Civil Procedure requirements cited by Petitioner in support of its argument that rules must not always be rigidly applied. Failure to follow the procedures of the former deprives the Court of jurisdiction. *See Samuel v. Gov't. of V.I.,* 44 V.I. 201, 208 (Terr. Ct. St. C. 2002), *See also Abdallah v. Callender,* 1 F.3d 141, 144, 28 V.I. 416 (3d Cir. 1993), *Saludes v. Ramos,* 744 F.2d 992, 996 (3d Cir. 1984.)