**Ava–Gail JAGROOP, Plaintiff,**

v.

**ISLAND FINANCE VIRGIN ISLANDS, INC., Island Finance Puerto Rico, Inc., and Wells Fargo Financial, Inc., Defendants.**

No. CIV.2000/0188.

District Court, Virgin Islands, D. St. Croix.

July 8, 2002.

Warren B. Cole, Hunter Cole & Bennett, St. Croix, VI, for Plaintiff.

Micol L. Morgan, Dudley, Topper & Feuerzeig, St. Thomas, VI, for Defendants.

## MEMORANDUM OPINION

FINCH, District Judge.

THIS MATTER comes before the Court on Defendants' Partial Motion to Dismiss. Defendants argue that because Plaintiff is a supervisor or manager, Plaintiff is not protected by the Virgin Islands Wrongful Discharge Act (hereinafter "WDA"), 24 V.I.C. §§ 76–79, and that Plaintiff's cause of action under the WDA is preempted by section 14(a) of the Taft–Hartley amendments to the National Labor Relations Act (NLRA), 29 U.S.C. § 164(a).

### I. Supervisors and Managers Enjoy the Protections of the WDA.

■ According to Defendants, since chapter 3 of Title 24 of the Virgin Islands Code defines an "employer" as including "any person or group of persons acting directly or indirectly in the interest of an employer," 24 V.I.C. § 62, a managerial employee is an "employer," rather than an "employee." Plaintiff argues that this interpretation conflicts with the definition of "employee" which "includes any employee, or any individual," 24 V.I.C. § 62.

In *Packard Motor Car Co. v. National Labor Relations Board*, 330 U.S. 485, 67 S.Ct. 789, 91 L.Ed. 1040 (1947), the Supreme Court faced with the similar statutory definitions of "employer" and "employee" in the context of an early version of the NLRA held that foremen are protected employees. As here, in *Packard Motor Car Co.*, the company argued that if supervisors were given the same rights as other employees they would not selflessly represent the employer's interests. *Id.* at 490. The Court reasoned as follows:

> Every employee, from the very fact of employment in the master's business, is required to act in his interest. He owes to the employer faithful performance of service in his interest, the protection of the employer's property in his custody or control, and all employees may, as to

third parties, act in the interests of the employer to such an extent that his is liable fro their wrongful acts. A familiar example would be that of a truck driver for whose negligence the Company might have to answer.

.    .    .    .    .

> Even those who act for the employer in some matters... still have interests of their own as employees. Though the foremen is the faithful representative of the employer in maintaining a production schedule, his interest properly may be adverse to that of the employer when it comes to fixing his own wages, hours, seniority rights or working conditions. He does not lose his right to serve himself in these respects because he serves his master in others.

*Id.* at 488–90, 67 S.Ct. 789. The Supreme Court found that the NLRA did not draw a distinction between supervisors and other employees. *Id.* at 490, 67 S.Ct. 789.

When the defendant in *Packard Motor Car Co.* argued that giving supervisors the same protection as other employees was bad policy, the Supreme Court acknowledged its limitations:

> It is also urged upon us most seriously that unionization of foremen is from many points bad industrial policy, that it puts the union foreman in the position of serving two masters, divides his loyalty and makes generally for bad relations between management and labor. However we might appraise the force of these arguments as a policy matter, we are not authorized to base decision of a question of law upon them. They concern the wisdom of the legislation; they cannot alter the meaning of otherwise plain provisions.

*Id.* at 493, 67 S.Ct. 789.

Thus, the Supreme Court has already interpreted the meaning of "employer" and

"employee" given similar statutory definitions to those found in the WDA and held that a supervisor enjoys the rights of an "employee." Although the Supreme Court was considering these definitions in the context of an early version of the NLRA, the Court finds it appropriate to follow the Supreme Court's guidance in interpreting the WDA. Furthermore, even if policy considerations might dictate otherwise, this Court, like the Supreme Court, cannot legislate. According to the plain language of the WDA, the WDA protects supervisors against wrongful discharge.

## II. A Cause of Action under the WDA for the Conduct Alleged is not Preempted by the NLRA.

■ After the Supreme Court held that a foreman falls within the definition of "employee" under the NLRA, Congress passed the Taft–Hartley amendments specifically to exclude supervisors from the protection of the NLRA. *Beasley v. Food Fair of North Carolina, Inc.*, 416 U.S. 653, 658, 94 S.Ct. 2023, 40 L.Ed.2d 443 (1974). Section 14(a) of the Taft–Hartley amendments provides:

(a) Supervisors as union members

Nothing herein shall prohibit any individual employed as a supervisor from becoming or remaining a member of a labor organization, but no employer subject to this subchapter shall be compelled to deem individuals defined herein as supervisors as employees for the purpose of any law, either national or local, relating to collective bargaining.

29 U.S.C. § 164(a). In *Beasley v. Food Fair of North Carolina, Inc.*, the Supreme Court held that section 14(a) preempted North Carolina laws to the extent that such laws provided a remedy to a supervisor who is discharged for union membership. 416 U.S. at 662, 94 S.Ct. 2023. Thus, the *Beasley* decision dictates that to the extent that the WDA provides a remedy to a supervisor who is discharged for union membership, the WDA is preempted.

■ Defendants ask this Court to hold that the WDA is preempted in its entirety as it applies to supervisors. However, consideration of the scope of NLRA preemption "starts with the basic assumption that Congress did not intend to displace state law." *St. Thomas–St. John Hotel & Tourism Assoc., Inc. v. Government of the United States Virgin Islands*, 218 F.3d 232, 238 (3d Cir.2000). A law is preempted only to the extent that: (1) it is expressly preempted; (2) it is impossible to comply both with state or territorial law and with federal law; or (3) the provision serves as an obstacle to the accomplishment of Congress' objective. *New Jersey State Chamber of Commerce v. Hughey*, 774 F.2d 587, 594 (3d Cir.1985). For example, in *New Jersey State Chamber of Commerce v. Hughey*, although one section of the state Right to Know Act was preempted by the federal Occupational Safety and Health Act, the Third Circuit did not find the entire Right to Know Act to be preempted. *Id.* Rather the court made separate determinations of whether other sections of the Right to Know Act were preempted. The court recognized that the severability of a state law that is partially preempted is determined by the law of that state. *Id.* at 596.

The Virgin Islands Code contains a general rule of severability:

Severability of code and of statutory provisions

Except as otherwise specifically provided, if any provision of this Code, of any amendment hereto, or of any Act or statute of the Virgin Islands, or the application of any such provision to any person, thing, or circumstance, is determined by any court of competent jurisdiction to be invalid, such determination of invalidity shall not affect, impair, or

 

invalidate the other provisions, or the application of the other provisions, of this Code, of any amendments hereto, or of any Act or statute of the Virgin Islands which can be given effect without the invalid provision or application, and to effect this purpose the provisions of this Code, of any amendments hereto, or of any Act or statute of the Virgin Islands are severable.

1 V.I.C. § 51. According to this severability provision, a supervisor can bring a cause of action for wrongful discharge under the WDA except to the extent that such action is preempted by the NLRA.

Any local law, "relating to collective bargaining," that provides protections for supervisors as employees is preempted by the NLRA. *See Beasley,* 416 U.S. at 662, 94 S.Ct. 2023. The WDA does not relate to collective bargaining. "[T]he WDA neither regulates the process of bargaining nor upsets the balance of power of management on one side and labor on the other that is established by the NLRA." *St. Thomas–St. John Hotel & Tourism Assoc., Inc.,* 218 F.3d at 244. Thus, the WDA provides recourse to supervisors for wrongful discharge, except when the supervisor is discharged for union related activities.

█ In deciding a motion to dismiss, the Court must accept the allegations of the complaint as true and draw all reasonable factual inferences in plaintiff's favor. *Weston v. Pennsylvania,* 251 F.3d 420, 425 (3d Cir.2001). From the allegations in this Complaint, the Court cannot infer that Plaintiff was discharged because she was involved in union related activities. Therefore, from the face of the Complaint, the NLRA does not preempt Plaintiff's action for wrongful discharge under the WDA.

## CONCLUSION

The plain language of the Virgin Islands Wrongful Discharge Act does not exclude supervisors from protection against wrongful discharge. The conduct that allegedly resulted in discharge in this case is not conduct addressed explicitly or impliedly by the National Labor Relations Act, and therefore there is no preemption. Accordingly, Defendants' Partial Motion to Dismiss is **DENIED.**

### *ORDER*

THIS MATTER comes before the Court on Defendants' Partial Motion to Dismiss. For the reasons stated in the accompanying Memorandum Opinion, it is hereby **ORDERED** that

Defendants' Partial Motion to Dismiss is **DENIED.**