**V.I. COALITION OF CITIZENS WITH DISABILITIES, INC./ST. THOMAS d/b/a/ DIAL-A-RIDE/ST. THOMAS, Petitioner**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS and MICHAEL HILL, Respondents.**

**HAROLD SNELL and SALI D. SNELL, Petitioners**

**v.**

**ANDREW RUTNIK in his capacity as COMMISSIONER OF DEPARTMENT OF LICENSING and CONSUMER AFFAIRS, and GOVERNMENT OF THE VIRGIN ISLANDS, Respondents**

Civil No. 93/2003 , Civil No. 167/2004

Superior Court of the Virgin Islands

Division of St. Thomas and St. John

December 14, 2005

316

BERNARD VANSLUYTMAN, ESQ., St. Thomas, Virgin Islands, *Attorney for V.I. Coalition, et seq.*

CLIVE RIVERS, ESQ., St. Thomas, Virgin Islands, *Attorney for Snell(s).*

JOEL FELD, ESQ., Assistant Attorney General, Virgin Islands Department of Justice, St. Thomas, Virgin Islands, *Attorney for Government and M. Hill.*

MARK HODGE, ESQ., GINA HARRISON, ESQ., Assistant Attorneys General, Virgin Islands Department of Justice, St. Thomas, Virgin Islands, *Attorney for Government and A. Rutnik.*

HOLLAR, *Judge*

## MEMORANDUM OPINION

(December 14, 2005)

### I. INTRODUCTION

In *V.I. Coalition v. Government of the Virgin Islands, et al.*, Civil No. 93/2003, petitioner, V.I. Coalition of Citizens with Disabilities Inc./St. Thomas d/b/a Dial-A-Ride/St. Thomas (hereinafter "Dial-A-Ride") filed

317

a petition for writ of review seeking judicial review of an administrative appellate reversal of the decision by the Division of Unemployment Insurance to deny Michael Hill's application for unemployment benefits. The Respondents, Government of the Virgin Islands and Michael Hill ("Government" and "Hill" respectively) filed a Motion to Dismiss asserting that this Court lacks the authority and jurisdiction to issue a writ because the Petitioner failed to file the required certificate of attorney with its petition.

In *Harold Snell and Sali D. Snell v. Andrew Rutnik, et al.*, Civil No. 167/2004, petitioners Harold Snell and Sali D. Snell (hereinafter "the Snells") filed an application for a writ of review seeking a stay and judicial review of a Department of Licensing and Consumer Affairs (hereinafter "DLCA") Order, revoking their respective business licenses.[1] The Respondent, Andrew Rutnik, in his capacity as Commissioner of the Department of Licensing and Consumer Affairs and Government of the Virgin Islands (hereinafter "Government" collectively or "Government" and "Rutnik") filed a Response and Opposition to Petitioner's *Petition for Writ of Review* and Petitioner's *Motion for Time to Comply with the Court Rules* because the Petitioner failed to file the requisite certificate of attorney along with, or appended to, the petition for writ of review.

For reasons that follow, the Court finds that the <u>failure to file a certificate of attorney</u>, along with a petition for writ of review, <u>does not</u> render the petitions for a writ of review "incomplete and fatally defective" <u>under the statutory schemes applicable in these cases</u>.

## II. FACTS AND PROCEDURAL HISTORY

In Civil No. 93/2003, Michael A. Hill (hereinafter "Hill") was employed as a Driver Assistant with Dial-A-Ride from August 27, 1993 until his termination on May 10, 2002. As part of his duties, Hill was required to provide support services to the drivers by ensuring the safe handling of Dial-A-Ride clients. On April 4, 2002, while assisting a client with her wheelchair, Hill left the wheelchair unlocked and unsecured, thereby causing it to roll away from the Dial-A-Ride vehicle and nearly collide with a lamp post. As a result of this incident and an alleged threat against two colleagues, a disciplinary hearing was held on

---

[1] Petitioners also filed a verified complaint.

October 23, 2001. Consequently, Hill was terminated via letter dated May 10, 2002, from Ms. Rosemary J. Sumas, Executive Director of Dial-A-Ride/St. Thomas.

Hill filed for unemployment insurance benefits with the Department of Labor, Division of Unemployment Insurance (hereinafter "DOL"). On September 15, 2002, DOL rendered a decision denying benefits because Hill was terminated for misconduct. Hill filed a timely appeal of that decision and an appellate administrative hearing was held on October 7, 2002. At the appellate hearing, it was contended that the Dial-A-Ride client did not file a complaint with the agency nor did the client indicate whether she was hurt as a result of the underlying incident. Two (2) other drivers, Mr. Lloyd Herman and Anthony Wharton, though present when the accident occurred, were unable to offer any information as to what occurred. One witness, Mr. Edwin Joseph, however, called by Hill, testified that Hill had a habit of not securing the wheel chairs, though at times he would secure the chairs, and when he did not, the clients would complain. Mr. Joseph believed that Hill had an inclination to be "forgetful and slow" and was not "willful" in failing to lock the wheelchairs. On January 17, 2003, the Administrative Law Judge mailed his findings of fact which reversed Hill's disqualification by finding: (1) no misconduct because Hill's actions were not "deliberate, wanton or willful"; (2) an absence of evidence to substantiate the alleged threats; (3) that the October 23, 2001 incident was six-months removed from the April 4, 2002 incident; and (4) as a result of the April 4, 2002 incident, Hill was suspended for three days and the matter was considered closed. On February 22, 2003, Dial-A-Ride filed a timely petition for writ of review pursuant to Title 5 V.I. CODE ANN. § 1421 and Title 24 V.I. CODE ANN. § 306(e) seeking reversal of the administrative appellate decision.

Harold and Sali D. Snell, (hereinafter "the Snells"), in Civil No. 167/2004, have been itinerant vendors in downtown Charlotte Amalie since 1979. Since its inception in 1992, the Snells have operated out of the Vendors' Plaza (hereinafter "the Plaza"), under rules and regulations promulgated under Governor Alexander A. Farrelly's administration. Every year the Snells renewed their respective licenses. In 1999, however, Commissioner Andrew Rutnik of DLCA, pursuant to Title 27, V.I. CODE ANN. § 303(b), required vendors to sign a document, entitled "Terms and Conditions Applicable to Itinerant Vendor Licenses Issued to Vendors Located At Vendors' Plaza", (hereinafter "proviso"), as a

319

condition of renewing a license and acquiring a placement permit at "the Plaza". Both Harold and Sali Snell[2] signed the proviso with a handwritten caveat on the bottom of the form questioning the legality of the form since the Governor and Senate did not sign the new conditions into law.

The proviso prohibited the renting, leasing, or loaning of placement spots at the Plaza and required vendors to be physically present "seventy-five percent (75%) of the time during any calendar year that the Plaza is open for business". There was a signed acknowledgement that stated any violations of the terms or conditions may result in the revocation or suspension of a license.[3] On November 23, 2003, DCLA brought two separate administrative actions against each of the Snells alleging their failure to be physically present in the Plaza at least seventy-five percent (75%) of the time the Plaza was opened for business during any calendar year. The administrative complaints were consolidated and a hearing was held on January 13, 2004. On March 10, 2004, DLCA entered an Order revoking the itinerant licenses and placement permits of the petitioners. On March 7, 2004, the Snells filed a timely appeal seeking a stay and an application for a writ of review of the DLCA's Order pursuant to Title 5 V.I. CODE ANN. § 1421 and Title 27 V.I. CODE ANN. § 304(i).

## III. STANDARD OF REVIEW

An aggrieved party seeks judicial review or writ of review when he/she believes an officer, board, commission, authority or agency tribunal has exceeded his/its jurisdictional authority or has exercised its functions erroneously in rendering an administrative order or decision. Generally, "substantial evidence" is the standard of review of an administrative agency's order or decision. Substantial evidence is "such evidence that a reasonable mind might accept as adequate to support a conclusion; evidence beyond a scintilla."[4] *See also Tutu Park Ltd. v. V.I. Board of Tax Review*, 38 V.I. 119 (Super. Ct. 1998). Thus, substantial evidence allows for the possibility of drawing two inconsistent conclusions. Accordingly, an administrative decision supported by substantial evidence is not subject to reversal merely because it may also

---

[2] An agent for Sali Snell signed on her behalf and entered a similarly worded caveat at the bottom of the proviso.

[3] The acknowledgement was signed by Harold Snell, but not by Sali Snell's agent.

[4] BLACK'S LAW DICTIONARY, 8th Edition, 1999.

support a contradictory conclusion. *See Port Norris Exp. Co., Inc. v. I.C.C.,* 697 F.2d 497 (3d Cir. 1982) (the possibility of drawing two inconsistent conclusions does not prevent an administrative agency's findings from being supported by substantial evidence). The petitioner bears the burden of persuasion to affirmatively demonstrate nonconformity with statutory requirements (as would invalidate an assessment). *See Tutu Park Ltd. v. V.I. Board of Tax Review,* 38 V.I. 119 (Super. Ct. 1998).

■ The statutory language of Title 27 V.I. CODE ANN. § 304(i)[5] states, in relevant part, "upon such review the findings of the Commissioner, if supported by substantial evidence, shall be conclusive." *A fortiori,* the findings of the Commissioner of Licensing and Consumer Affairs must prevail if supported by substantial evidence. Title 24 V.I. CODE ANN. § 306(e)(3),[6] similarly provides in relevant part, "the findings of fact by the hearing examiner, if supported by substantial evidence, regardless of statutory or common-law rules, shall be conclusive." *Ergo,* the hearing examiner's fact-findings must prevail if supported by substantial evidence. Given the foregoing and absent any statute to the contrary, the "substantial evidence" rule is the applicable standard of review for assessing an administrative order or decision under Title 24 V.I. CODE ANN. § 306(e)(3) and Title 27 V.I. CODE ANN. § 304(i).

## IV. ANALYSIS

The issues before this Court for resolution are: (1) whether SUPER. CT. R. 15(a) is a rule of procedure or substantive law; (2) whether SUPER. CT. R. 15(a)[7] governs when judicial review(s) or writ(s) of review are made pursuant to Title 24 V.I. CODE ANN. § 306(e) and Title 27 V.I. CODE ANN. § 304(i); (3) when addressing the same topic and a conflict exists, whether the specific statute takes precedence over the general statute; and (4) whether a statutory provision or a court procedural rule

---

[5] Title 27 V.I. CODE ANN. § 304(i) is the governing statute in *Harold Snell and Sali D. Snell v. Andrew Rutnik, et al.*

[6] Title 24 V.I. CODE ANN. § 306(e)(3) is the governing statute in *V.I. Coalition v. Government of the Virgin Islands, et al.*

[7] Pursuant to Bill No. 25-0213, Title 4 Section 2 of the Virgin Islands Code was amended to officially change the name of the court of local jurisdiction from the Territorial Court of the Virgin Islands to the Superior Court of the Virgin Islands, including all references therein. The effective date was January 1, 2005. Superior Court Rule 15(a) was previously referred to as Territorial Court Rule 15(a).

321

governs when both address the same subject matter but have different requirements.

## A. Superior Court Rule 15(a) is a Rule of Procedure.

██ A threshold determination must be made whether Superior Court Rule 15(a) is a rule of procedure or substantive law. *In re Richards*, 52 F. Supp. 2d 522, 528, 40 V.I. 161 (D.V.I. 1999), a procedural rule was defined as a rule of regulation instituted by "the judicial process for enforcing rights and duties recognized by substantive law and for justly administering remedy and redress for disregard or infraction of them." It governs the proceeding, which prescribes a "mode of action for carrying into effect a legal right." *Government of the Virgin Islands v. James*, 23 V.I. 205 (D.V.I. 1987). In contrast, a substantive rule of law "creates and defines the rights, duties, and obligations that are subsequently administered by procedural rules of law." *Id.* The Court's rulemaking authority is limited to the promulgation of procedural rules governing court's proceedings. *See In re Richards*, 213 F.3d 773, 783, 42 V.I. 469 (3d Cir. 2000); *see also* Revised Organic Act of 1954, § 21(c).

Superior Court Rule 15(a) sets forth guidelines for the filing and granting of a <u>writ of review</u>. The rule states:

> A writ of review may be granted by the Court upon the petition of any person aggrieved by the decision or determination of an officer, board, commission, authority, or tribunal. Such petition shall be filed within 30 days after the date of the decision or determination complained of and shall recite such decision or determination and set forth the errors alleged to have been committed therein. The <u>petition shall be signed by the petitioner or his attorney, and shall be accompanied by the certificate of the attorney that he has examined the process or proceeding and the decision or determination therein sought to be reviewed, that the same is in his opinion erroneous and that the petition is not filed for delay.</u> (Emphasis provided).

The certificate of attorney serves as a sworn statement that the attorney has made a "preliminary determination of the merits of his/her client's claim." *Simon v. Christian*, 12 V.I. 307 (D.V.I. 1975). <u>Superior Court Rule 15(a) does not create or define any rights, duties or obligations unto an aggrieved party,</u> but solely provides guidelines for the court's

322

administrating the submission and approval of a petition for writ of review. Thus, Superior Court Rule 15(a) is a rule of procedure.

## B. Superior Court Rule 15 does not govern when judicial review(s) or writs of review are made pursuant to Title 24 V.I. Code § 306(e) and Title 27 V.I. Code § 304(i).

Several cases have held that failure to file the requisite certificate of attorney is a fatal defect to the <u>application for writ of review</u>. In applying Rule 15 to an administrative review of the Department of Property and Procurement Order, the Court, in *Tip Top Construction, Inc. v. Government of the Virgin Islands*, 41 V.I. 72 (Super. Ct. 1999), held that the certificate of attorney acts to convey subject matter jurisdiction. In that case no specific procedural framework for an administrative appeal from a Department of Property and Procurement contracting officer's decision was then, nor is now, contained in the statutory language of Virgin Islands Code Title 31, Chapter 23 or the regulatory language of Title 31, Chapter 23 of the V.I. Rules and Regulations. Consequently, the petition for writ of review in *Tip Top, supra*, was filed under <u>the general writ of review provision</u> codified at V.I. CODE ANN. tit 5, §§ 1421 and 1422.[8] Title 5 V.I. CODE ANN., § 1421 states:

> Any party to any proceeding before or by <u>any officer</u>, board, commission, authority, or tribunal may have the decision or determination thereof reviewed for errors therein <u>as prescribed in this chapter and rules of court</u>. Upon the review, the court may review any intermediate order involving the merits necessarily affecting the decision or determination sought to be reviewed. (Emphasis provided).

Title 5 V.I. CODE ANN., § 1422 provides:

> The writ of review shall be allowed in all cases <u>where there is no appeal or other plain, speedy, and adequate remedy</u>, and where the <u>officer</u>, board, commission, authority, or tribunal in the exercise of his or its functions appears to have exercised such functions

---

[8] However, the Court in *Tip Top* noted that other avenues of relief were available to Petitioner, *inter alia,* a temporary restraining order, preliminary injunction, injunctive relief and declaratory judgment. Therefore, relief, pursuant to V.I. CODE ANN. tit. 5, § 1422, and through SUP. CT. R. 15(d), was not warranted.

erroneously, or to have exceeded his or its jurisdiction, to the injury of some substantial right of the plaintiff. (Emphasis provided).

Similarly, in *Save Long Bay Coalition, Inc. v. Virgin Islands Board of Land Use Appeals, et al.*, 45 V.I. 312 (Super. Ct. 2003), the Court ruled that failure to file a certificate of attorney "renders the petition incomplete and fatally defective" and precludes consideration by the Court. In *Save Long Bay,* Petitioner filed an application for review of a permit granted by the Coastal Zone Management Commission and upheld as valid by the Board of Land Use Appeals pursuant to V.I. CODE ANN. tit. 12, § 913(d). The statutory scheme of V.I. Code Title 12 provided a procedural framework for administrative appeals as stated in § 913(d) with reference to Title 5, chapter 97 and Appendix V, Rules 10 and 11 (to Title 5). The Court expounded that 5 V.I. Code App. V, Rules 10 and 11 were replaced with the Virgin Islands Court Rules Annotated in 1992 and is now SUPER. CT. R. 15. Title 12, V.I. CODE ANN. § 913(d) states:

> Pursuant to Title 5, chapter 97 and Appendix V, Rules 10 and 11 of this Code, a petition for writ of review may be filed in the District Court of the United States Virgin Islands[9] in the case of any person aggrieved by the granting or denial of an application for a coastal zone permit ... within forty-five days after such decision or order has become final provided that such administrative remedies as are provided by this chapter have been exhausted.

Both V.I. CODE ANN. tit. 5, § 1421, and 12 V.I.C. § 913(d) harmonizes in agreement by incorporating by reference SUPER. CT. R. 15(a) (formerly Title 5, Chapter 97, App. V. Rules 10 & 11) in the application for writs of review. V.I. CODE ANN. tit 5, § 1421 states in relevant part that a decision or determination may be reviewed "as prescribed in this chapter and rules of court." V.I. CODE ANN. tit. 12, § 913(d) states in relevant part a petition for writ of review may be filed pursuant to Title 5, chapter 97 and Appendix V, Rules 10 and 11 (which

---

[9] A 1990 amendment to Section 22 of the Revised Organic Act vested original jurisdiction in all civil actions to the Superior Court, regardless of the amount in controversy. *See* Title 4 V.I. Code § 76. Moreover, Title 4 V.I. Code § 76 "implicitly repealed" Title 5 V.I. Code § 1421 as it pertains to the district court's jurisdiction over local matters. *Moravian Sch. Advisory Bd. v. Rawlins*, 70 F.3d 270, 33 V.I. 280 (3d Cir. 1995).

was replaced in 1992 with VIRGIN ISLANDS COURT RULES ANNOTATED, which includes SUPER. CT. R. 15). Thus, Rule 15 "becomes an integral, mandatory requirement for perfecting judicial review ...". *Save Long Bay Coalition, Inc. v. The Virgin Islands Board of Land Use Appeals, et al.,* 45 V.I. 312 (Super. Ct. 2003).

### 1. Title 24 V.I. CODE ANN. § 306(e)(1) conflicts with SUPER. CT. R. 15(a).

Title 24 V.I. CODE ANN. § 306(e)(1) permits a party to initiate judicial review from the hearing examiner's decision of the Virgin Islands Unemployment Insurance Service, designated as a division of the Virgin Islands Employment Security Agency under the Department of Labor. Title 24 V.I. CODE ANN. § 306(e)(1) states in relevant part:

> This decision of hearing examiner shall be final unless a party initiates judicial review by filing in the District Court of the Virgin Islands[10] a petition for review <u>within 30 days after the hearing examiner's decision has been mailed</u> to each party's last known address, or otherwise delivered to him. ... The petition for review shall state the grounds upon which <u>review is sought</u> but <u>need not be verified</u>. (Underscore added).

Petitioner, Dial-A-Ride, in Civil No. 93/2003, filed a timely appeal on February 25, 2003, within the thirty (30) day time frame of <u>receiving the final determination</u> of the hearing examiner on February 6, 2003. Unlike the situation in *Save Long Bay Coalition, Inc. v. Virgin Islands Board of Land Use Appeals, et al., supra,* conspicuously absent from Title 24 V.I. CODE ANN. § 306(e)(1) is any reference requiring compliance with any Court rules in petitioning for a writ of review. Most compelling, however, is the statutory language that requires that <u>grounds</u> for the petition for judicial review <u>be stated therein,</u> but <u>need not be verified.</u> Because verification is equivalent to the attorney's certificate, a conflict exists between Title 24 V.I. CODE ANN. 306(e)(1), which requires no verification, and SUPER. CT. R. 15, which requires verification through the attorney's certification. In said instance the specific statute governs over the procedural court rule.

---

[10] See Footnote 9.

## 2. Title 27 V.I. CODE ANN. § 304(i) does not embody SUP. CT. R. 15(a).

Title 27 V.I. CODE ANN. § 304(i) allows any party to petition the Superior Court for judicial review, however the party seeking review must be adversely affected by a DLCA's order and must file the petition within thirty (30) days after the entry of the adverse order. Title 27 V.I. CODE ANN. § 304(i) states in relevant part:

> Any person adversely affected by any order of the Commissioner may obtain a review therefore by filing a written petition for review with the Territorial Court within 30 days after the entry of said order. (Underscore added).

The "Snell(s)", like "Dial-A-Ride", filed a timely petition on April 9, 2004, within the thirty (30) days of the March 10th, 2004 entry date of the DLCA Order. Additionally, the los[s] of their respective licenses to conduct business within the Vendors' Plaza can readily be categorized as an adverse decision. Title 27 V.I. CODE ANN. § 304(i) is analogous to Title 24 V.I. CODE ANN. § 306(e)(1) by affording a procedural framework for judicial review while eschewing compliance with any Court rules in petitioning for review.

█ Because, the statutory language of both 24 V.I.C. § 306(e) and 27 V.I.C. § 304(i) does not direct compliance with, refer to, or incorporate by reference, SUPER. CT. R. 15, the provisions of SUPER. CT. R. 15 are not controlling.

## C. When a general statute and specific statute regarding the same subject matter conflicts, the specific statute is given precedence over the general statute.

In Civil No. 93/2003, Dial-A-Ride sought judicial review pursuant to Title 5 V.I. CODE ANN. § 1421 and Title 24 V.I. CODE ANN. § 306(e), while the Snells, in Civil No. 167/2004, sought judicial review pursuant to Title 5 V.I. CODE ANN. § 1421 and Title 27 V.I. CODE ANN. § 304(i). As noted earlier, Section 1421 is the general writ of review provision, which allows a party to petition for judicial review of a decision or determination made by any officer, board, commission, authority or tribunal. Title 5 V.I. CODE ANN. § 1422, however, limits the application of § 1421 to cases "where there is no appeal or other plain, speedy, and

adequate remedy" available. *Tip-Top Construction v. Government of the Virgin Islands*, 41 V.I. 72 (Super. Ct. 1999). Both Title 24 V.I. CODE ANN. § 306(e) and Title 27 V.I. CODE ANN. § 304(i) are specific statutory enactments. Title 24 V.I. CODE ANN. § 306(e) governs the decisions and determinations made by the Department of Labor, Division of Unemployment Insurance, while Title 27 V.I. CODE ANN. § 304(i) governs the decisions and determinations rendered by the Department of Licensing and Consumer Affairs.

■ Title 5 V.I. CODE ANN. § 1421 is in conflict with Title 24 V.I. CODE ANN. § 306(e) and Title 27 V.I. CODE ANN. § 304(i), because the former incorporates SUPER. CT. R. 15 and *inter alia* the provision for attorney's certification, while the latter statutes do not. "It is a fundamental principal of statutory construction that when two statutes are in apparent conflict, a specific statute will be given precedence over a more general one." *Creque v. Luis, et al.*, 616 F. Supp. 843 (D.V.I. 1985), citing *Busic v. United States*, 446 U.S. 398, 100 S. Ct. 1747, 64 L. Ed. 2d 381 (1980); *Government of the Virgin Islands v. 0.459 Acres of Land*, 40 V.I. 85 (Super. Ct. 1999), citing *Creque v. Luis*, 803 F.2d 92 (3d Cir. 1986). Thus, Title 24 V.I. CODE ANN. § 306(e) and Title 27 V.I. CODE ANN. § 304(i) both take precedence over Title 5 V.I. CODE ANN. § 1421. *A fortiori,* a certificate of attorney is not required in filing a petition for judicial review under those statutes.

## D. When a statutory procedural provision and a court rule addressing the same subject matter but have different requirements, the statutory provision prevails.

■ Pursuant to § 21(c) of the Revised Organic Act of 1954,[11] as amended, rules governing the practice and procedure of the courts established by local law shall be promulgated by local law or by those courts. This dual grant of authority permits both the Legislature and the Court to promulgate rules of procedure. Arguably, the Court may implement rules inconsistent with legislative enactments. *See Government of the Virgin Islands v. Thomas*, 32 V.I. 64, 71 (Super. Ct. 1995). "Under these circumstances, the rules of practice and procedure whether established by the Territorial Court/Superior Court or the Legislature should be treated as if they were established by the same

---

[11] Also 48 U.S.C. Section 1611(c).

body." *Id.* Thus, the Court must first seek to resolve any apparent conflict between a rule and statute. *Id.*

However, where the conflict cannot be resolved, <u>court rules of procedure</u> usually prevail over a <u>statute on procedure, "absent any constitutional provision</u> subordinating the court's rulemaking authority to the legislature in regard to practice and procedure." 20 AM. JUR. 2D Courts § 52. Title 4 V.I. CODE ANN. § 83 provides that any rules adopted by the Court <u>must be consistent with law</u> and the rules prescribed by the District Court. It is significant to note that Title 4 V.I. CODE ANN. § 83 became effective on January 1, 1977. Effective in 1985, however, and as noted earlier, the promulgation of rules governing the practice and procedure of the court was vested in courts <u>established by local law</u>, pursuant to the enactment of Revised Organic Act § 21(c), as amended, (48 U.S.C. § 1611). See also Title 4 V.I. CODE ANN. § 2, Revision notes. Title 4 V.I. CODE ANN. § 83 states in pertinent part:

> The practice and procedure in the territorial court shall be as prescribed by rules adopted by the district court. Subject to the approval of the district court, <u>the territorial court may from time to time prescribe rules for the conduct of its business consistent with law</u> and with the rules prescribed by the district court and <u>may issue all writs and make all orders necessary or appropriate in aid of its jurisdiction and agreeable to the usages and principles of law</u>. (Emphasis provided).

 A court's rulemaking power may be superseded by legislation where there exists a constitutional proviso that its rules may not be inconsistent with state constitution or laws. *See Weber v. Lynch*, 237 Pa. Super. 48, 346 A.2d 363 (1975). There exists such a provision in Title 4 V.I. CODE ANN. § 83, which requires consistency between rules adopted by the Superior Court and those proscribed by law. Title 27 V.I. CODE ANN. § 304(i) and Title 24 V.I. CODE ANN. § 306(e)(3) are comprised of both substantive and procedural provisions outlining the right to appeal and proscribing the process to file such an appeal. Likewise, V.I. CODE ANN. tit. 12 § 913(d), the governing statute in *Save Long Bay Coalition, Inc.,* and V.I. CODE ANN. tit 5, § 1422, the governing statute in *Tip-Top Construction,* embodies both substantive and procedural parts outlining the right to appeal and proscribing the process to file such an appeal. Among the four (4) statutory provisions, V.I. CODE ANN. tit. 12 § 913(d)

and V.I. CODE ANN. tit 5, § 1422 have either directly or indirectly incorporated Sup. Ct. R. 15, while Title 27 V.I. CODE ANN. § 304(i) and Title 24 V.I. CODE ANN. § 306(e)(3) have neither explicitly nor implicitly integrated SUPER. CT. R. 15 within its procedural precepts. Given the irresolvable conflict between SUPER. CT. R. 15, which requires the certificate of attorney, and Title 27 V.I. CODE ANN. § 304(i) and Title 24 V.I. CODE ANN. § 306(e)(3), which do not, the conflict must be resolved in favor of the express statutory language of Title 4 V.I. CODE ANN. § 83 that requires consistency between procedural rules and statutory provisions.

### 1. Title 4 V.I. CODE ANN. § 83 is subject to partial invalidity.

Title 4 V.I. CODE ANN. § 83 is partially superseded by 48 U.S.C. § 1611(c) (also codified as § 21(c) of the Revised Organic Act of 1954). The Virgin Islands Code provides for severability of code and statutory provisions. The severability provision, found in Title 1 V.I. CODE ANN. § 51, states:

> Except as otherwise specifically provided, if any provision of this Code, of any amendment hereto, or of any Act or statute of the Virgin Islands, or the application of any such provision to any person, thing, or circumstances, is determined by any court of competent jurisdiction to be invalid, such determination of invalidity shall not affect, impair, or invalidate the other provisions, or the application of the other provisions, of this Code, of any amendments hereto, or of any Act or statute of the Virgin Islands which can be given effect without the invalid provision or application, and to effect this purpose the provisions of this Code, of any amendments hereto, or of any Act or statute of the Virgin Islands are severable.

As heretofore noted, Congress authorized, through 48 U.S.C. § 1611(c), the promulgation of procedural rules by courts established by local law. Title 4 V.I. CODE ANN. § 83 conflicts with the subsequent enacted federal act by designating the promulgation of procedural rules to the District Court and subjecting the Superior Court's rule-making authority to the approval of the District Court. A state or territorial rule which conflict with a federal act is superseded and its operation suspended as to persons or subject matter covered by the federal act. *In*

*re Wittstein*, 166 F. Supp. 122, 3 V.I. 374 (D.V.I. 1958). "A law is preempted only to the extent that: (1) it is expressly preempted; (2) it is impossible to comply both with state or territorial law and with federal law; or (3) the provision serves as an obstacle to the accomplishment of Congress' objective." *Jagroop v. Island Finance Virgin Islands*, 240 F. Supp. 2d 370, 372 (D.V.I. 2002), citing *New Jersey State Chamber of Commerce v. Hughey*, 774 F.2d 587, 594 (3d Cir. 1985). Although enacted before the passage of 48 U.S.C. § 1611(c), Title 4 V.I. CODE ANN. § 83 is partially severed to the extent its provisions conflict with Congress' grant of greater autonomy to the Superior Court in administering its own rules and procedures.

## III. CONCLUSION

The certificate of attorney does not act to convey or deny subject matter jurisdiction upon the Court in assessing a petition for writ of review of any determinations, under certain statutory provisions, made by the DOL or DLCA. In the prior cases mentioned where the Court has found the lack of a certificate of attorney to render the petition for writ of review incomplete and fatally defective, there was statutory language specifically requiring compliance with Court rules. In *Tip-Top Construction, Inc. v. Govt. of the Virgin Islands*, 41 V.I. 72 (Super. Ct. 1999), the petition for writ of review was commenced under Virgin Islands Code Title 5, Chapter 97 since there was no statutory provision providing relief from orders of the Department of Property and Procurement. Title 5 V.I. CODE ANN. § 1421 dictates procedural compliance with the Court rules, to wit: SUPER. CT. R. 15. One of the procedural requirements of SUPER. CT. R. 15 is the filing of a petition for writ of review *along with a certificate of attorney*. In *Save Long Bay Coalition, Inc. v. The Virgin Islands Board of Land Use Appeals, et al.*, 45 V.I. 312 (Terr. 2003), the Court noted that Title 12 V.I. CODE ANN. § 913(d) incorporated Virgin Islands Code Title 5, Chapter 97 by reference and thus, by incorporation, required compliance with relevant Court rules for a writ to be issued. The lack of statutory language prescribing compliance with SUPER. CT. R. 15 within Title 24 V.I. CODE ANN. § 306(e)(1) and Title 27 V.I. CODE ANN. § 304(i) differentiates these cases from all the prior cases. Moreover, given the partial valid provisions of Title 4 V.I. CODE ANN. § 83, which requires consistency between rules of procedure and statutory provisions, the application of

the statutory law prevails over SUPER. CT. R. 15. Therefore, Petitioners in Civil No. 93/2003 and Civil No. 167/04 were not required to submit a certificate of attorney with a petition for writ of review.[12]

Hence, the Court finds that the lack of a certificate of attorney does not divest this Court of jurisdiction with respect to judicial review under Title 24 V.I. CODE ANN. § 306(e)(3) and Title 27 V.I. CODE ANN. § 304(i) nor does it render the petitions for review fatally flawed.

---

[12] In an Order dated October 13, 2004, the Court directed the Petitioner, Dial-a-Ride, to establish their petition for writ of review was not defective and in compliance with SUPER. CT. R. 15, failing which, this matter will be dismissed. The Court now finds that ruling to be improvident in light of the stringent statutory language of Title 24 V.I. CODE ANN. § 306(e).