IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
December 21, 2023 05:19 PM
SX-2010-CV-00102
**TAMARA CHARLES**
**CLERK OF THE COURT**



IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

|  |  |  |
|---|---|---|
| PHILSBERT CODRINGTON, | ) | |
| | ) | |
| Petitioner, | ) | **CIVIL NO. SX-2010-CV-00102** |
| | ) | |
| v. | ) | PETITION FOR WRIT OF REVIEW |
| | ) | |
| GME DOSPIVA, LLC, and VIRGIN ISLANDS | ) | |
| DEPARTMENT OF LABOR, | ) | |
| | ) | |
| Respondents. | ) | **2023 VI SUPER 80U** |
| | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

¶1      By Order entered June 22, 2010 ("Order Granting Writ"), the Court granted Appellant Philsbert Codrington's petition for writ of review, titled Notice of Appeal (herein "Petition"), timely filed on March 4, 2010.[1] The Petition sought relief from the February 3, 2010 Decision of the Administrative Law Judge ("ALJ"), affirming (on other grounds) the initial determination of the Adjudicator within the Division of Unemployment Insurance of Respondent Virgin Islands Department of Labor ("DOL" or "Department"). Therein, in deciding Petitioner Codrington's internal appeal of the Adjudicator's determination to deny Codrington's application for unemployment benefits, the ALJ found that Codrington was not disqualified from receiving benefits due to misconduct but concluded that Codrington had voluntarily quit his job without good cause and was, therefore, ineligible to receive unemployment insurance benefits. Respondent GME Dospiva, LLC, ("GME") filed an Opposition to the Petition for Writ of Review on May 21, 2010, denied by the Order Granting Writ. The Order Granting Writ did not set a briefing schedule. Petitioner filed no brief to supplement the grounds for seeking review set out in the Petition, and

---

[1] The Order Granting Writ required the Department of Labor to produce "a transcript of the above-mentioned case" within sixty days. By letter of August 13, 2010, the Department of Labor transmitted its "original file and original transcript Unemployment Insurance benefit Appeal Hearing."

neither Respondent filed a brief. For the reasons that follow, the Court finds that the ALJ's Decision is supported in the record by substantial evidence and will affirm the Decision.[2]

## FACTUAL AND PROCEDURAL BACKGROUND

¶2      On March 4, 2010, Petitioner filed his Petition, asking the Court to review and vacate the ALJ's February 03, 2010 Decision in *PHILSBERT CODRINGTON V. GME DOSPIVA, LLC.,* (V.I. App. No. 016-02-10). The record[3] shows that GME hired Codrington to work full-time as a C.A.D. operator in August 2007. On September 22, 2009, Codrington informed GME's owner and manager, Brent Whitney, that he would be late for work and that he wanted to speak with him. Codrington arrived at work at 9 a.m. but was unable to perform any work duties upon arrival because he was too mentally distressed due to personal matters. Whitney arrived at the office around 11 a.m. and observed that Codrington was not executing any assignments for work. Subsequently, Whitney pulled a folder from Codrington's project files, and placed it on Codrington's desk, stating that he had work for Codrington to complete. Codrington testified that Whitney slammed the file folder on his desk, scattering the papers within. Whitney then left the office through the door near Codrington's desk. Codrington testified that Whitney slammed the door as he left the building. Offended by what he perceived as disrespect, Codrington followed Whitney to GME's parking lot where Codrington and Whitney engaged in a verbal exchange.

---

[2] After this matter had lain dormant without action by any party for several years, by letter of February 19, 2021, requesting response within 30 days, the Clerk of the Court inquired of Petitioner whether he intended to proceed with his appeal. The letter, sent certified mail, return receipt requested, was returned by the U.S. Postal Service with the notation "3/21/21; Return to Sender; Unclaimed; Unable to Forward." Petitioner did not respond to the Clerk's letter. Thereafter, by Order entered January 9, 2023, the Court ordered Petitioner to show cause in writing within 14 days why his Petition should not be dismissed for lack of prosecution pursuant to V.I. R. Civ. P. 41(b). That Order was sent certified mail, and the receipt was returned to the Court on January 27, 2023, signed by Petitioner. The Order was also personally served on Petitioner by the Office of Virgin Islands Marshal on January 25, 2023. Petitioner has filed nothing in response to the Court's Order. Despite that failure, in light of the fact that "there is a strong public policy in the Virgin Islands for determining civil cases on the merits," *Robertson v. Banco Popular De P.R.,* 2023 VI 3 ¶ 37 (V.I. 2023), citing *[illegible] v. [illegible], Bank of Nova Scotia,* 69 V.I. 700, 711 (V.I. 2018), the Court will review the Petition on its merits rather than enter a dismissal for lack of prosecution.

[3] The "record" in the instant case includes letters exchanged between Codrington and GME owner and manager Brent Whitney, admitted as exhibits at the hearing, the initial determination by the Department of Labor's Adjudicator, the transcript of the proceedings before the ALJ, and the ALJ's February 03, 2010 Decision.

During the argument, Codrington uttered profane language to Whitney and at some point said, "if you don't want me here, I'm out of here."

¶3    According to Whitney, upon hearing this proclamation, he advised Codrington that if he left the premises, it would be regarded as a voluntary resignation. Codrington admits he heard that statement by Whitney but testified that Whitney told him to "get the hell out of here," and that his response was, "you don't have to tell me twice," in addition to saying, "if you don't want me here, I'm out of here." At the conclusion of the verbal exchange, Codrington gathered his personal items and left GME's premises. Codrington believed he was terminated, notwithstanding the fact that he conceded that Whitney never expressly said, "you're fired," during the confrontation.

¶4    On October 2, 2009, Codrington and Whitney spoke briefly when Codrington went to pick up his final paycheck. During that encounter, nothing was mentioned regarding the September 22, 2009 incident. After that date, Codrington attempted to call Whitney several times, but his phone calls were not returned. Finally, on October 15, 2009, Whitney wrote a letter of termination to Codrington.

¶5    On October 5, 2009, Codrington filed for unemployment insurance benefits. On December 9, 2009, an Adjudicator determined that Codrington was not entitled to receive unemployment insurance benefits because his actions, as reported by GME, pursuant to V.I. Code Ann. tit. 24, § 304(b)(3) "were a deliberate disregard of the standards of behavior [his] employer had a right to expect of [him]." Disagreeing with the Adjudicator's decision, Codrington filed a notice of appeal under § 306(b) on December 16, 2009.

¶6    On January 26, 2010, ALJ Jamelia John-Baptiste presided over the hearing and heard testimony from two individuals: Philsbert Codrington, Jr. and Brent Whitney. After hearing the testimony and considering the evidence, on February 2, 2010, the ALJ issued her Decision finding that Codrington was not terminated for misconduct under § 304(b)(3), but rather that Codrington voluntarily quit his position without good cause under § 304(b)(2) as interpreted by *Cunningham v. V.I. Unemployment Security Agency*, 20 V.I. 214, 216 (D.V.I 1983). Codrington filed his Petition on March 4, 2010.

¶7      In his Petition, Petitioner contends that the ALJ's conclusions that (1) he voluntarily quit his job, and (2) that he did so without good cause under § 304(b)(2) were unsupportable based on the substantial evidence of the record as a whole.

## LEGAL STANDARD

¶8      V.I. Code Ann. tit. 24, § 306(e)(1) allows a party aggrieved by a hearing examiner's decision to "initiate[ ] judicial review by filing in the [Superior] Court of the Virgin Islands a petition for review within 30 days after the hearing examiner's decision has been mailed to each party's last known address, or otherwise delivered to him." *Id.* § 306(e)(1). Codrington timely filed the Petition on March 4, 2010. Therefore, the Superior Court has jurisdiction over the Department of Labor ALJ's February 2, 2010 Decision.

¶9      In granting a petition for review under § 306(e)(1), the reviewing court's jurisdiction "shall be confined to questions of law, and, in the absence of fraud, the findings of fact by the hearing examiner, if supported by substantial evidence regardless of statutory or common-law rules, shall be conclusive." § 306(e)(3).

¶10     Where the Legislature has not explicitly required courts to apply a more deferential standard of review, the Superior Court exercises plenary review of an agency's conclusions of law. *Bryan v. Fawkes*, 61 V.I. 201, 226-27 (V.I. 2014). In the instant case, because the Legislature did not require a specific standard of review under § 306(e)(3) for the ALJ's conclusions of law, the Court reviews those determinations de novo. However, § 306(e)(3) does require that the Superior Court review all factual conclusions under the substantial evidence standard.

## DISCUSSION

### A. The ALJ's finding that Codrington quit his job is based on substantial evidence.

¶11     Codrington contends that the ALJ's conclusion that he voluntarily quit his job was not based on substantial evidence.

¶12     The Court finds that the ALJ's determination that Codrington voluntarily quit his job was based on substantial evidence. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Virgin Islands Coalition of Citizens with Disabilities, Inc./St. Thomas v. Government of the Virgin Islands*, 47 V.I. 315, 320-

21 (V.I. Super. 2005) (quoting Black's Law Dictionary (8th ed. 1999)). If "no reasonable fact finder could make [a particular] finding on the administrative record," then an administrative record is not based on substantial evidence. *Dia v. Ashcroft*, 353 F.3d 228, 249 (3d Cir. 2003). Furthermore, simply because the Court could reach a different conclusion based on the factual record before it does not mean that the record is unsupported by substantial evidence. *Consolo v. Federal Maritime Commission*, 383 U.S. 607, 619 (1966). Therefore, "substantial evidence allows for the possibility of drawing two inconsistent conclusions." *V.I. Coalition of Citizens with Disabilities, Inc./St. Thomas v. Govt. of the Virgin Islands*, 47 V.I. 315, 320 (V.I. Super. 2005). Accordingly, so long as an administrative decision is supported by substantial evidence, it is not subject to reversal simply because it might also support a contradictory finding. *Port Norris Exp. Co., Inc. v. I.C.C*, 697 F.2d 497 (3rd Cir.1982).

¶13     When the Court applies the substantial evidence test, it is required to consider the "whole record." *La Vallee Northside Civic Ass'n v. Virgin Islands Bd. of Land Use Appeals*, 30 V.I. 9, 16 (V.I. Terr. 1994) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474 (1951)). In other words, the Court must do more than simply find a justification for the agency's decision, it must also determine whether the agency's ruling was reasonable in light of all the evidence presented. *Id.* "The substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Government of the Virgin Islands v. Public Employee Relations Board*, 22 V.I. 12, 23 (V.I. Terr. 1986). Finally, when the Court reviews an agency record for lack of substantial evidence, it must be conscious of the ALJ's opportunity to appraise the credibility and consider the weight of the evidence in the first instance. *Marte De Velez v. Virgin Islands Dept. of Lab.*, Memorandum Opinion and Order, No. ST-13-CV-268, at 3 (V.I. Super. July 25, 2018).

¶14     Here, the ALJ heard and considered the testimony of two individuals: Petitioner Philsbert Codrington, and Brent Whitney, Respondent GME's owner and manager. The record shows that at the hearing, both Codrington and Whitney were permitted to speak at length about their recollection of the events preceding and following the September 22, 2009 incident. At one point during the hearing, the ALJ even admonished Whitney for interrupting Codrington as he testified. The ALJ heard Codrington corroborate the fact that Whitney did indeed say that if he left the premises, it would be regarded as a "voluntary resignation." Finally, the ALJ heard Codrington state, under oath, that he never heard Whitney expressly say "you are fired" in the parking lot. The

testimony and documentary evidence considered by the ALJ, coupled with the ALJ's corroboration of the facts during direct examination of both parties at the hearing, supports the ALJ's conclusion that Codrington voluntarily quit his job, and a reasonable person could reach the same conclusion if presented with the same evidence.

### B. Codrington voluntarily quit his job without good cause under section 304(b)(2)

¶15     In his Petition, Codrington contends that the ALJ failed to follow the statutory construction outlined in section § 304 (b)(2). Codrington contends that the ALJ erred in concluding that he left his position without good cause, despite making a finding that Codrington's personal situation exacerbated his reactions towards Whitney.

¶16     V.I. Code Ann. tit. 24, § 304(b)(2) disqualifies an insured worker from receiving waiting-week credit or benefits for any week of his employment if he "left his most recent suitable work voluntarily without good cause." However, if the circumstances "produce pressure to terminate employment that is both real and substantial and would compel a reasonable person under the circumstances to act in the same manner," the claimant has "good cause" to "leave" a job within the meaning of 24 V.I.C. § 304(b)(2). *Taylor v. Unemployment Compensation Board of Review*, 378 A.2d 829, 832-33 (Pa.1977) (construing a similarly worded statute). That is, the fact that the claimant for unemployment benefits is the one who commences the termination, and he does so of his own accord without being fired or otherwise pressured by an employer to quit, does not necessarily preclude a finding of "good cause" under the terms of most unemployment schemes. *Cunningham v. V.I. Empl. Sec. Agency*, 20 V.I. at 216–17. Although a subjective dissatisfaction with working conditions or wages is not enough to show good cause, a claimant could be justified in voluntarily separating from his or her employment where the discontent is based upon a substantial change in wages or working conditions that would make the work no longer suitable for the claimant, considering the claimant's qualifications, earning ability, physical fitness and the like. *Id.* at 217.

¶17     In the instant case, the record shows that it was in fact Codrington who unilaterally initiated a substantial change in his own work conditions by reducing his working hours below fulltime, to the detriment of his employer GME. The record shows that Codrington's employer was making a good, and ostensibly sincere effort to accommodate the changes and issues

Codrington was experiencing in his personal life, and that Whitney, as manager and owner, was only asking Codrington to return to fulltime status and learn new skills that would likely benefit Codrington's future career prospects as a C.A.D. operator. While it is apparent from the jurisprudence that the initiation of termination by an employee is not in and of itself sufficient to render his resignation as one "without cause," it is equally clear from the jurisprudence that the underlying reasons for the separation must stem from changes in working conditions, not changes in an employee's personal circumstances. Here, it was Codrington's work habits and work quality that changed, not the working conditions nor the wages that GME was offering him. Therefore, Codrington did not have good cause to quit under the meaning of § 304(b)(2) and, accordingly, the ALJ did not err in finding that he left his position without good cause. In light of the foregoing, it is hereby

ORDERED that the decision in the matter *PHILSBERT CODRINGTON V. GME DOSPIVA, LLC.*, (V.I. App. No. 016-02-10) is AFFIRMED. It is further

ORDERED that Petitioner's Petition is DISMISSED WITH PREJUIDCE. It is further

ORDERED that this case is CLOSED.

DATED: December 21, 2023.

_____
DOUGLAS A. BRADY, JUDGE

**ATTEST:**

TAMARA CHARLES
Clerk of the Court

By: _____
Court Clerk Supervisor

IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
December 21, 2023 05:20 PM
SX-2010-CV-00102
TAMARA CHARLES
CLERK OF THE COURT

# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## District of St. Croix

| | |
|---|---|
| **PHILSBERT CODRINGTON,**<br>                    **Petitioner,**<br><br>**v.**<br><br>**GME DOSPIVA LLC AND**<br>**COMMISSIONER OF DEPARTMENT**<br>**OF LABOR,**<br><br>                    **Respondents.** | Case Number: **SX-2010-CV-00102**<br>Action: **Writ of Review** |

## NOTICE of ENTRY
## of
## <u>JUDGMENT/ORDER</u>

**To:**   Philsbert Codrington, pro se
Michael R. Francisco, Esq., AAG
H.A. Curt Otto, Esq.

**a(n)**         Please take notice that on December 21, 2023
MEMORANDUM OPINION AND ORDER
dated   December 21, 2023   was/were entered
by the Clerk in the above-titled matter.

**Dated:**   **December 21, 2023**

**Tamara Charles**
**Clerk of the Court**

By:

**Cheryl Parris**
**Court Clerk III**